327 So.2d 492 (1976)
Griven A. MULLENS
v.
DEPARTMENT OF PUBLIC SAFETY, DRIVERS LICENSE DIVISION.
No. 7184.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Rehearing Denied March 16, 1976.
Writ Refused May 26, 1976.
*493 Ronald P. Herman, Metairie, and Edward A. Armstrong, Jr., New Orleans, for plaintiff-appellant.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellee.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SAMUEL, Judge.
This is an appeal from a judgment of the Twenty-fourth Judicial District Court affirming the action of the Louisiana Department of Public Safety in suspending appellant's driving privileges under R.S. 32:667 because of his failure to submit to a test to determine the alcoholic content of his blood.
The facts are basically not disputed. Appellant, Griven A. Mullens, was arrested by a Jefferson Parish deputy sheriff on March 17, 1974 and charged with violation of R.S. 14:98, driving while intoxicated. While incarcerated, a police officer requested Mullens to submit to a photoelectric intoximeter (P.E.I.) test to determine the percentage of alcohol in his blood pursuant to the various provisions of the implied consent law, R.S. 32:661, et seq. Mullens refused to subject himself to the test, and the police forwarded a statement certifying this fact to the Department of Public Safety. On the basis of this certification, the Department of Public Safety ordered the suspension of Mullens' driving privileges for a period of six months.
Timely request was made by Mullens for an administrative hearing pursuant to law. During this administrative hearing, the Department did not call any witnesses, but relied on documentary evidence, while Mullens testified and submitted an affidavit. No other evidence was introduced. Following the hearing, the original suspension of driving privileges was affirmed.
Appellant perfected a timely appeal to the Twenty-fourth Judicial District Court. At that hearing on December 13, 1974, the Department for the first time introduced the testimony of one of the police officers whose name appeared as a witness on the statement certifying appellant's refusal to submit to the P.E.I. test. The district court affirmed the suspension of appellant's license, and this appeal ensued.
The two issues raised for this court's consideration by this appeal are: (1) whether the proceeding in the district court to review the administrative hearing shall be conducted as an appeal or as a trial de novo; and (2) whether appellant's license can be suspended in view of the ruling of the Louisiana Supreme Court in State v. Jones.[1] Our conclusion on the second issue, that the license cannot be suspended in view of the ruling in Jones, makes a consideration of the first issue unnecessary.
In State v. Jones,[2] the court held that before the State may rely on the statutory presumption of intoxication created by a positive P.E.I. test, it must offer into evidence the permit or certificate of the machine operator and must show the test was performed in conformance with standards approved by the Louisiana Department of Health (now the Louisiana Health and Human Resources Administration). In that case, the court stated the State may not avail itself of the presumption of intoxication arising from positive test results until the Health and Human Resources Administration establishes and promulgates carefully detailed methods, procedures, and techniques covering repair, maintenance, inspection, cleaning, chemical accuracy, and certification of P.E.I. equipment and until the State adduces evidence *494 that such a test was performed in conformity with such methods, procedures, and techniques.
In the course of its decision, the Supreme Court rejected the State's argument that the provisions of R.S. 32:663 were met by (1) a letter dated September 19, 1969 from George H. Hauser, M.D., Director of the Bureau of Laboratories, to the assistant director of the State Police Crime Laboratory, stating techniques of breath analysis taught in a 40 hour course given by the Division of State Police and measured by the photoelectric intoximeter "is hereby approved by the Louisiana State Department of Health" and (2) a pronouncement by the Health and Human Resources Administration dated December 19, 1974, stating "the method approved for breath testing for alcohol is the Photoelectric Intoximeter Test performed with the instrument manufactured by Intoximeter, Inc., St. Louis, Missouri, or any equivalent machine which is approved by the Bureau of Laboratories, State Division of Health."
In effect, the Supreme Court stated tests given under the implied consent law, R.S. 32:661, et seq. were invalid unless and until the Health and Human Resources Administration establishes and promulgates detailed methods, procedures and techniques pursuant to R.S. 32:663. We note that on December 20, 1975, subsequent to the filing of briefs in this case, the Health and Human Resources Administration promulgated new rules in an attempt to meet the requirements of R.S. 32:663.[3]
Revised Statute 32:663 provides:
"Chemical analysis of the person's blood, urine, breath or other bodily substance, to be considered valid under the provisions of this Part, shall have been performed according to methods approved by the state department of health and by an individual possessing a valid permit issued by said department for this purpose. The state department of health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the department. Added by Acts 1968, No. 273, § 14." LSA-R.S. 32:663 (emphasis ours).
Appellant argues the Jones case renders invalid all P.E.I. tests for failure of compliance with R.S. 32:663, with the result that refusal to submit to an invalid test is not grounds for suspension of a driver's license. On the other hand, the State argues the Jones case is a criminal proceeding and the rationale of that decision applies only to criminal cases.
Statutory enactments involved in this litigation are contained in Louisiana Revised Statutes, Title 32, Chapter 3, Part XIV, entitled "Tests for Suspected Drunken Drivers". Part XIV contains provisions applicable only to criminal proceedings (such as R.S. 32:667 and 32:666) and others applicable only to civil proceedings (such as R.S. 32:667 and 32:668). The procedure for performing such tests is provided by R.S. 32:663, also in Part XIV, quoted above. The portion of R.S. 32:663 emphasized by the court shows that the testing procedures outlined in that statutory section apply to the entire Part XIV, and make no distinction whatever between criminal and civil proceedings. Therefore, since the procedure for taking the test, the effect of the test in criminal cases, and the effect of the test in civil cases are all contained in Part XIV, and since R.S. 32:663 provides for the validity of tests "under the provisions of this Part," making no distinction between civil or criminal proceedings, the only conclusion which can be drawn is that failure of Louisiana Health and Human Resources Administration to promulgate the necessary rules, regulations, and procedures *495 pursuant to R.S. 32:663 applies both to criminal and civil proceedings.
Our reading of State v. Jones,[4] convinces us that all tests given or proposed to be given prior to the December 20, 1975 promulgation of new rules by the Health and Human Resources Administration were invalid. Consequently, the test proposed to be given to the plaintiff in this case on March 17, 1974 was invalid and plaintiff's refusal to submit thereto is not ground for suspension of his driving privileges.
For the reasons assigned, the judgment appealed from is reversed, the trial court is ordered to issue the injunction prayed for by plaintiff, and the matter is remanded to the trial court solely for that purpose.
Reversed and remanded.
NOTES
[1] 316 So.2d 100 (S.Ct.1975).
[2] Supra, footnote 1.
[3] See 1 Louisiana Register, 562.
[4] Supra, footnote 1.