LOTTINGER, Judge.
This is a suit to enjoin the suspension of a driver’s license; from a judgment in favor of the defendant maintaining the suspension, the plaintiff has appealed.
On June 7, 1974, Thomas C. Davis, plaintiff-appellant, was arrested and charged with the violation of LSA-R.S. 14:98, driving while intoxicated. As a result of the plaintiff-appellant’s refusal to submit to a Photo-Electric Intoximeter test (PEI), the State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, defendant-appellee, held an administrative hearing on October 14, 1975, and notified the plaintiff-appellant by letter dated October 27, 1975, that he was found to have violated LSA-R.S. 32:667[1] by refusing to take the PEI test, and thus, his driver’s license would be suspended for a period of six months. The plaintiff-appellant then filed a “Petition for Appeal of Administrative Ruling Suspending Driver’s License” in the Trial Court seeking to enjoin and prohibit the Department of Public Safety from suspending his driving privileges. A temporary restraining order was granted, but after trial on the merits, the Trial Court held in favor of the defendant-appel-lee finding that the plaintiff-appellant had refused to take the PEI test. The plaintiff-appellant has perfected this suspensive appeal from the judgment of the Trial Court.
Plaintiff-appellant contends that the Trial Court erred in incorrectly applying the applicable statutes because plaintiff-appellant did not refuse to take a valid PEI test as required by LSA-R.S. 32:663[2] and *508 State v. Jones, 316 So.2d 100 (La. 1975); and in not finding that the action of the Louisiana Department of Public Safety was arbitrary and an unconstitutional denial of plaintiff-appellant’s rights to due process of law as guaranteed by both the State and Federal Constitutions, and in particular his right to counsel and the privilege against self-incrimination.
As to his first specification of error, plaintiff-appellant argues that LSA-R.S. 32:663 provides that for the PEI test to be considered valid, it shall be performed according to methods approved by the State Department of Health, and plaintiff-appellant contends that since the State Department of Health had not set up or approved any methods for administering the test, the test he refused to take was not valid, and thus he has never refused to take a valid test. In support of his argument • that his license should not be suspended for refusing to take an invalid test, he cites Mullens v. Department of Public Safety, Drivers License Division, 327 So.2d 492 (La.App. 4th Cir. 1976), rehearing denied (1976), which held that all tests given or proposed to be given prior to the December 20, 1975, promulgation of new rules by the Health and Human Resources Administration were invalid, and the refusal to submit to the taking of an invalid test was not grounds for suspension of driving privileges. Our Brethren on the Fourth Circuit have concluded that the validity of the test or tests analysing a driver’s blood, urine, breath or other bodily substance for the purpose of determining the alcoholic content of his blood is imperative both as to the criminal as well as the civil aspects of LSA-R.S. 32:661, et seq. Writs to the Louisiana Supreme Court were applied for and denied, 331 So.2d 851 (La.1976), with the notation that the “judgment of the Court of Appeal is correct.” We must, therefore, accept Mullens v. Department of Public Safety, Drivers License Division, supra, as controlling, and hold that since the PEI test which the plaintiff-appellant refused to take was prior to December 20, 1975, he was not in violation of LSA-R.S. 32:667 and thus, his driver’s license could not be suspended for a period of six months.
In light of our ruling, there is no need to discuss the remaining specification of error.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and this matter is remanded for the issuance of the injunction as prayed for. All costs of this proceeding are to be paid by defendant-appellee as allowed by law.
REVERSED AND REMANDED.

. LSA-R.S. 32:667 provides:
“If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(0) and that the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided.”

. LSA-R.S. 32:663 provides:
“Chemical analyses of the person’s blood, urine, breath or other bodily substance, to be considered valid under the provisions of this Part, shall have been performed according to methods approved by the state department of health and by an individual *508 possessing a valid permit issued by said department for this purpose. The state department of health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analy-ses, and to issue permits which shall be subject to termination or revocation at the discretion of the department.”