GARY D. ETHERIDGE PETITIONER v. ELBERT L. PETERS, JR., COMMISSIONER, DIVISION OF MOTOR VEHICLES, RESPONDENT

No. 117

(Filed 15 August 1980)

**Automobiles §§ 2.4, 126.3— willful refusal to take breathalyzer test – elapse of time while awaiting attorney**

A willful refusal to submit to a chemical test within the meaning of G.S. 20-16.2(c) occurs where a motorist: (1) is aware that he has a choice to take or to refuse to take the test; (2) is aware of the time limit within which he must take the test; (3) voluntarily elects not to take the test; and (4) knowingly permits the prescribed thirty minute time limit to expire before he elects to take the test. Therefore, the evidence did not support the trial court's conclusion that petitioner did not willfully refuse to submit to a breathalyzer test where it tended to show that petitioner was advised of his statutory rights relative to the breathalyzer examination at 9:19 p.m.; he indicated his desire to call an attorney or have one present during the test; he was offered the test at the end of a twenty minute period and again at the end of a thirty minute period; approximately thirty-five minutes after he was advised of his rights, petitioner asked to take the test and was refused; and there was nothing in the evidence to indicate that his decision to await the arrival of an attorney before submitting to the test was anything but a conscious choice purposefully made.

APPEAL by petitioner from decision of the Court of Appeals, reported in 45 N.C. App. 358, 263 S.E. 2d 308 (1980), reversing

judgment for petitioner entered 4 April 1979 by Judge *Rouse.* The opinion was by Judge *Hedrick,* Judge *Clark* concurred; Judge *Vaughn* dissented.

*Beaman, Kellum, Mills, Kafer & Stallings, P.A., by David P. Voerman for petitioner appellant.*

*Attorney General Rufus L. Edmisten by Associate Attorney Jane P. Gray and Deputy Attorney General William W. Melvin for respondent appellee.*

EXUM, Justice.

The question presented for review is whether the evidence in the instant case supports the trial court's conclusion that petitioner did not willfully refuse to submit to a breathalyzer test. We hold that it does not.

Petitioner was arrested in Craven County, North Carolina and charged with driving while under the influence of intoxicating liquor. The arresting officer, L. T. DuBose, transported petitioner to the breathalyzer room at the Craven County Sheriff's Department and requested him to submit to a breathalyzer test. The breathalyzer operator, Trooper Johnny Brown, informed petitioner that he had a right to call an attorney but that he was only allowed thirty minutes in which to do so. Trooper Brown completed reading petitioner his rights relative to the breathalyzer procedure at 9:19 p.m. Petitioner said that he wanted to call an attorney and tried unsuccessfully several times to contact one. Eventually he was able to locate Mr. Lamar Sledge, an attorney in New Bern, North Carolina. Trooper Brown again offered to administer the breathalyzer test to petitioner, but petitioner responded that he wanted to wait for Mr. Sledge to arrive. Trooper Brown again reminded petitioner of the thrity-minute time limit and informed him that only ten minutes remained.

Mr. Sledge finally arrived and conferred briefly with petitioner. Approximately thirty-five minutes after he was advised of his rights, petitioner indicated that he was willing to take the test. Trooper Brown was at that time dismantling the breatha-

lyzer machine and informed petitioner that thirty minutes had elapsed. He refused to administer the test and recorded the test results as a "refusal" on the part of petitioner.

Later the Division of Motor Vehicles advised petitioner by letter dated 7 April 1978 that pursuant to G.S. 20-16.2(c) his driver's license would be revoked for six months because he refused to submit to the breathalyzer test. Petitioner sought and was granted an order restraining the Division of Motor Vehicles from revoking his license until the matter was determined *de novo* in superior court.

The matter came on to be heard before Judge Rouse, who found in pertinent part:

"6. Trooper Brown completed reading the rights form to petitioner at 9:19 p.m.

"7. Petitioner did not decline to take the test but indicated to Trooper Brown that he would like to contact an attorney or have an attorney present during the test.

. . . .

"12. Trooper Brown offered the breathalyzer test to petitioner at the conclusion of the required 20-minute waiting period and at the end of the 30-minute waiting period.

"13. At the end of the 30-minute period Officer Brown proceeded to disassemble the breathalyzer machine. Within two to four minutes after the 30-minute period expired Mr. Sledge arrived. The officer had not completed the process of disassembling the breathalyzer machine. He was in the process of taking the ampules out when the attorney arrived.

"14. Mr. Sledge asked to speak with petitioner. Officer DuBose and Brown were there and indicated he could talk with the petitioner. Mr. Sledge was not advised that the 30-minute period had expired or was about to expire. Mr. Sledge conferred quickly with the petitioner out of the hearing of the officers.

"15. Within two or three minutes after he arrived petitioner, upon advice of Mr. Sledge, indicated a willingness to take the test.

.   .   .   .

"18. Petitioner's request to take the test was made within five minutes of the expiration of the 30-minute period, and was made immediately after consultation with his attorney.

"19. Petitioner did not at any time refuse to take the test."

Judge Rouse then concluded as a matter of law that petitioner "did not willfully refuse to submit to a breathalyzer test."

Respondent appealed to the Court of Appeals. That court relying on *Seders v. Powell, Comr. of Motor Vehicles,* 298 N.C. 453, 259 S.E. 2d 544 (1979), reversed the judgment of the trial court. The Court of Appeals held that Judge Rouse's unchallenged findings of fact compelled the conclusion that "petitioner did willfully refuse to take the breathalyzer test within the meaning of the statute." 45 N.C. App. at 363, 263 S.E. 2d at 311. Petitioner appealed to this Court pursuant to G.S. 7A-30(2). We agree with the decision of the Court of Appeals and accordingly affirm.

The relevant statute, G.S. 20-16.2, provides in pertinent part as follows:

"§ 20-16.2. *Mandatory revocation of license in event of refusal to submit to chemical tests; right of driver to request test.* — (a) Any person who drives or operates a motor vehicle upon any highway ... shall be deemed to have given consent, subject to the provisions of G.S. 20-139.1 to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or operating a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the request of a law-

enforcement officer having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor. The law-enforcement officer shall designate which of the aforesaid tests shall be administered. The person arrested shall forthwith be taken before a person authorized to administer a chemical test and this person shall inform the person arrested both verbally and in writing and shall furnish the person a signed document setting out:

. . . .

(4) That he has the right to call an attorney and select a witness to view for him the testing procedures; but that the test shall not be delayed for this purpose for a period in excess of 30 minutes from the time he is notified of his rights.

. . . .

(c) The arresting officer, in the presence of the person authorized to administer a chemical test, shall request that the person arrested submit to a test described in subsection (a). If the person arrested willfully refuses to submit to the chemical test designated by the arresting officer, none shall be given. However, upon the receipt of a sworn report of the arresting officer and the person authorized to administer a chemical test that the person arrested, after being advised of his rights as set forth in subsection (a), willfully refused to submit to the test upon the request of the officer, the Division shall revoke the driving privilege of the person arrested for a period of six months."

Petitioner contends that a mere showing that a conscious suspect did not take a breathalyzer test within thirty minutes is insufficient to establish a willful refusal to take the test. He argues: Judge Rouse found that at no time did he actually decline or refuse to submit to the test; the evidence supports these findings; and these findings, in turn, support Judge Rouse's conclusion that petitioner "did not willfully refuse to

submit to a breathalyzer test" within the meaning of G.S. 20-16.2(c). The State, on the other hand, argues that the evidence is insufficient to support Judge Rouse's findings 7 and 19; and in light of *Seders, supra,* all the evidence shows that petitioner willfully refused to take the test. We agree with the State's position.

In *Seders,* decided after Judge Rouse's rulings, we upheld the trial court's conclusion that the motorist willfully refused to take the breathalyzer test. The evidence there tended to show the motorist was warned of a thirty-minute time limit, yet remained determined to await contact with his attorney before submitting to the breathalyzer. When finally petitioner agreed to take the test, thirty minutes had elapsed and the operator had already dismantled the apparatus. We held that the motorist's "action constituted a conscious choice purposefully made and his omission to comply with this requirement of our motor vehicle law amounts to a willful refusal." *Id.* at 461, 259 S.E. 2d at 550.

Clearly presaged by *Seders,* our holding here is that a willful refusal to submit to a chemical test within the meaning of G.S. 20-16.2(c) occurs where a motorist: (1) is aware that he has a choice to take or to refuse to take the test; (2) is aware of the time limit within which he must take the test; (3) voluntarily elects not to take the test; and (4) knowingly permits the prescribed thirty-minute time limit to expire before he elects to take the test.

In the instant case, the evidence and Judge Rouse's unchallenged findings are that: petitioner was advised of his statutory rights relative to the breathalyzer examination at 9:19 p.m.; he indicated his desire to call an attorney or have one present during the test; he was offered the test at the end of a twenty-minute period and again at the end of a thirty-minute period; approximately thirty-five minutes after he was advised of his rights, petitioner asked to take the test and was refused. There is nothing whatsoever in the evidence to indicate that his decision to await the arrival of an attorney before submitting to the test was anything but a "conscious choice purposefully made." *Id.*

It is true that some of petitioner's evidence tends to show that he was not aware that the thirty-minute time limit was about to expire and that he did not knowingly permit this time limit to expire before he elected to take the test. Petitioner testified that he had no watch; that there was a discrepancy between Trooper Brown's watch and a clock in the magistrate's office on which petitioner was relying; and that Trooper Brown never advised him of any further lapse of time after his twenty-minute warning. Trooper Brown, however, testified that he warned petitioner of the lapse of both the twenty-minute and the thirty-minute periods. Brown said, "I informed him the thirty minutes were up and if he didn't take the breathalyzer test at that time it would be counted as a refusal." Judge Rouse's unchallenged findings of fact numbers 12 and 18 resolve this factual issue against petitioner. According to these findings petitioner must have knowingly permitted the thirty-minute time limit to expire before he ultimately elected to take the test.

Viewing all the evidence, therefore, in light of *Seders*, our holding here, and Judge Rouse's unchallenged findings 12 and 18, we conclude that it is insufficient to support Judge Rouse's findings 7 and 19, if indeed these may properly be denominated findings of fact rather than conclusions of law. Not only does the evidence so viewed not support these findings, it also provides no support for Judge Rouse's ultimate conclusion that petitioner did not willfully refuse the breathalyzer. All the evidence so viewed shows that he did.

The decision of the Court of Appeals reversing the judgment of the trial court is affirmed, and the case is remanded to that court for further remand to Craven Superior Court for entry of judgment in accordance with this opinion.

Affirmed.