COOLIDGE STEWART RICE v. ELBERT L. PETERS, JR., COMMISSIONER OF MOTOR VEHICLES

No. 8022SC407

(Filed 16 September 1980)

1. Automobiles § 2.4– request to take breathalyzer test

G.S. 20-16.2(c) does not require that an arrestee be requested to submit to a breathalyzer test *after* being informed of his statutory rights; rather, the purpose of the statute is fulfilled when the arrestee is given the option to submit or refuse to submit to a breathalyzer test and his decision is made after having been advised of his rights in a manner provided by the statute.

2. Automobiles § 2.4– willful refusal to submit to breathalyzer – refusal of petitioner to cooperate

Petitioner willfully refused to take a breathalyzer test where the arresting officer in the presence of the breathalyzer operator requested defendant to submit to the test; the operator twice read petitioner's statutory rights to him and petitioner stated that he did not understand his rights; the operator's third reading of petitioner's rights to him was drowned out by petitioner's loud and boisterous speech; the operator gave petitioner a signed document setting out his statutory rights; after observing petitioner for 20 minutes, the operator again began to advise petitioner of his statutory rights and petitioner again drowned out the operator's words by talking in a loud and boisterous manner; the operator advised petitioner that he was marking him down as having refused the test; and petitioner made no response and at no time indicated a willingness to submit to the test.

APPEAL by petitioner from *Rousseau, Judge.* Judgment entered 26 February 1980 in Superior Court, IREDELL County. Heard in the Court of Appeals 8 September 1980.

Petitioner was arrested on 17 August 1979 for operating a motor vehicle upon Interstate Highway 77 North in Iredell

County, while under the influence of intoxicating liquor. Petitioner later received an order of revocation of his driver's license for failure to take the breathalyzer test. Upon his requested administrative review, a hearing officer of the Division of Motor Vehicles entered an order affirming the revocation of his driver's license for six months. Upon appeal to superior court, the revocation order was affirmed. Petitioner appealed.

*Attorney General Edmisten, by Deputy Attorney General Jean A. Benoy, for the State.*

*Bondurant & Lassiter, by T. Michael Lassiter, for petitioner appellant.*

HILL, Judge.

Petitioner contends the trial court erred in holding that he willfully refused to take the chemical breath test in violation of law.

We note there are no exceptions in the record on appeal. With no exceptions to the findings of fact, they are deemed to be correct and supported by competent, substantial evidence. The findings are thus conclusive on appeal and are not presented for appellate review. *Durland v. Peters, Comr. of Motor Vehicles,* 42 N.C. App. 25, 27, 255 S.E. 2d 650 (1979). The appeal itself, however, raises the question of whether the facts found and the conclusion of law support the judgment. App. R. 10(a).

The trial court made the following findings of fact:

1. On the 17th day of August, 1979, the petitioner was arrested by Statesville Police Officer Page D. Brooks, a law-enforcement officer, upon reasonable grounds, for the offense of operating a motor vehicle upon the public highways or public vehicular area while under the influence of intoxicating liquor.

2. Officer Brooks forthwith took petitioner before Statesville Police Officer Gary P. Henderson, a person authorized to administer a chemical test of breath within the meaning of G.S. 20-16.1.

3. In the presence of Officer Henderson the Petitioner was requested by the arresting officer (Brooks) to submit to a chemical test of breath.

4. Officer Henderson, after reading the rights to Petitioner Rice, asked petitioner if he understood the rights as set forth in G.S. 20-16.2(a), to which the petitioner replied he did not.

5. Officer Henderson again read petitioner's rights to him as set forth in G.S. 20-16.2(a), to which petitioner again replied he did not understand them.

6. Officer Henderson commenced to read the rights again to Petitioner Rice, at which time Mr. Rice commenced saying words in a loud and boisterous manner drowning out Officer Henderson's words.

7. Officer Henderson completed advising petitioner of his rights as required by G.S. 20-16.2(a) (1)(2)(3)(4) and observed petitioner in the breathalyzer room for a period of 20 minutes thereafter.

8. Officer Henderson informed the petitioner twice verbally and in writing furnishing a signed document setting out all of the petitioner's rights under the provisions of G.S. 20-16.2(a)(1)(2)(3)(4).

9. At the expiration of the 20 minutes observation period following petitioner's being advised of his rights as set forth above, Officer Henderson again commenced advising petitioner of his rights preparatory to offering the test to petitioner and petitioner again commenced talking in a loud and boisterous manner drowning out Officer Henderson's words.

10. Officer Henderson at that time advised petitioner he was marking petitioner down as refusing to submit to the breathalyzer test and petitioner made no response to Officer Henderson's advising him of that fact.

11. At no time did petitioner ever indicate to either Officer Brooks or Officer Henderson any willingness to submit to the breathalyzer test.

12. The petitioner, without just cause or excuse, voluntarily, understandingly and intentionally refused to submit to the breathalyzer test as was required of him by G.S. 20-16.2.

From these findings the court concluded that the petitioner willfully refused to take the chemical breath test in violation of law and affirmed the revocation order.

[1] Defendant argues the court's order is in error as there was no finding that he was requested to submit to the breathalyzer test *after* being informed of his statutory rights. He relies on the following provisions of G.S. 20-16.2(c) for his argument.

> *The arresting officer, in the presence of the person authorized to administer a chemical test, shall request that the person arrested submit to a test described in subsection (a). If the person arrested* willfully refuses to submit to the chemical test designated by the arresting officer, none shall be given. However, upon the receipt of a sworn report of the arresting officer and the person authorized to administer a chemical test that the person arrested, *after being advised of his rights as set forth in subsection (a), willfully refused to submit to the test upon the request of the officer, the Division shall revoke the driving privilege of the person arrested for a period of six months.* (Emphasis added.)

We do not believe the North Carolina General Assembly intended by its enactment of G.S. 20-16.2(c) to prescribe such a rigid sequence of events as contended by defendant. *See State v. Sykes,* 285 N.C. 202, 203 S.E. 2d 849 (1974). The administrative procedures provided for in G.S. 20-16.2 are designed to promote breathalyzer tests as a valuable tool for law enforcement officers in their enforcing the laws against driving under the influence while also protecting the rights of the State's citizens. *Montgomery v. N.C. Dept of Motor Vehicles,* 455 F. Supp. 338 (W.D.N.C. 1978), *aff'd* 599 F. 2d 1048 (4th Cir. 1979). *We hold the purpose of the statute to be fulfilled when the petitioner is given*

[2] We also do not agree with defendant's argument that his actions, as contained in the court's findings of fact, did not constitute a willful refusal to submit to the breathalyzer test. If defendant's contention were to be held valid, any belligerent or hostile petitioner could evade the results of the test by merely refusing to cooperate. *State v. Carpenter,* 34 N.C. App. 742, 239 S.E. 2d 596 (1977), *disc. rev. denied,* 294 N.C. 183 (1978). One may refuse the test by his deeds as well as his words. *See, Bell v. Powell, Comr. of Motor Vehicles,* 41 N.C. App. 131, 254 S.E. 2d 191 (1979); *Poag v. Powell, Comr. of Motor Vehicles,* 39 N.C. App. 363, 250 S.E. 2d 93, *disc. rev. denied,* 296 N.C. 736 (1979). The officer read petitioner his statutory rights two times and was drowned out on the third reading by petitioner's loud and boisterous speech. Petitioner was informed he was being marked down as a refusal and he thereafter gave no indication that he was willing to cooperate. We hold this sufficient to constitute a willful refusal within the meaning of G.S. 20-16.2

The facts found support the court's conclusion and judgment.

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.