WARD WESLEY MATHIS v. NORTH CAROLINA DIVISION OF MOTOR VEHICLES AND COMMISSIONER OF MOTOR VEHICLES, R. W. WILKINS, JR.

No. 8428SC602

(Filed 20 November 1984)

Automobiles and Other Vehicles § 2.4— willful refusal to take breathalyzer test— sufficiency of evidence

> Plaintiff's license was properly revoked for willful refusal to submit to a breathalyzer test where plaintiff was told of the 30-minute time limit and the consequences of his failure to submit, plaintiff explicitly refused to submit to the test 20 minutes and again 30 minutes after his rights were read to him, and plaintiff expressed a willingness to take the test some 20 minutes after the 30-minute limit had expired. G.S. 20-16.2.

APPEAL by plaintiff from *Allen (C. Walter), Judge.* Judgment entered 22 March 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 23 October 1984.

Ward Wesley Mathis (plaintiff) was arrested and charged with driving under the influence of alcoholic beverages, in violation of G.S. 20-138 (Cum. Supp. 1981). Plaintiff's license was revoked for a period of six months as a result of his "willful refusal" to submit to a breathalyzer test. G.S. 20-16.2 (Cum. Supp. 1981). The revocation order was confirmed after a trial *de novo* in Superior Court pursuant to G.S. 20-16.2(e) (Cum. Supp. 1981) and G.S. 20-25.

On 7 August 1983, at approximately 6:05 p.m., plaintiff was stopped and arrested after being observed driving erratically on U.S. Highway 19-23 by Woodfin Police Officer E. C. Lefler. Plaintiff was thereafter charged with operating a motor vehicle under the influence of alcoholic beverages, in violation of G.S. 20-138 (Cum. Supp. 1981), and was transported to the Buncombe County

Courthouse in Asheville. In the courthouse "Breathalyzer Room," Officer Lefler, as the arresting officer, "requested Mr. Mathis to take the breathalyzer test." At 6:26 p.m., Officer Lefler and the breathalyzer operator, Officer Stout, had each informed plaintiff of his rights under G.S. 20-16.2(a) (Cum. Supp. 1981), both verbally and in writing. Plaintiff responded that he understood his rights and signed an acknowledgment form to that effect. Officer Lefler again requested plaintiff to take the test "when [Officer Stout] offered it to him." In response to these requests, plaintiff did not take the test but attempted to reach his attorney. Twenty minutes later, plaintiff explicitly refused to submit to the test because "his lawyer told him not to." Ten minutes later, 30 minutes after plaintiff's rights were read to him, plaintiff was again requested to take the test and, despite reminders of the consequences of his actions, refused.

After this final refusal, Officer Stout prepared a refusal affidavit and delivered it to Magistrate Nell Bagwell who processed it. Magistrate Bagwell then commented that she knew plaintiff personally. She walked back to the Breathalyzer Room and, at 7:15 p.m., convinced plaintiff to submit to the test. Officer Stout, however, refused to accede to the magistrate's request.

Following the revocation of his driving privileges for a period of six months, plaintiff petitioned the Superior Court for a trial *de novo* pursuant to G.S. 20-16.2(e) (Cum. Supp. 1981) and G.S. 20-25. The trial court found that plaintiff "without just cause or excuse, voluntarily, understandingly and intentionally refused" to submit to the breathalyzer test and upheld the suspension. Plaintiff appeals.

*Roberts, Cogburn, McClure & Williams, by Max O. Cogburn and Isaac N. Northrup, Jr., for petitioner appellant.*

*Attorney General Edmisten, by Deputy Attorney General Jean A. Benoy, for respondent appellee.*

VAUGHN, Chief Judge.

Plaintiff principally contends that the evidence does not show that he "willfully refused" to submit to a chemical test and is therefore insufficient to sustain the license suspension order entered against him. G.S. 20-16.2 (Cum. Supp. 1981).

In support of his position, plaintiff points out that he was willing to take the test at 7:15 p.m., within 30 minutes of his first explicit refusal at 6:46 p.m. Plaintiff contends that there was no evidence that he either heard or acknowledged Officer Lefler's request until that time or knowingly let the 30 minute time limit expire. According to plaintiff, "there is only evidence that he was *told* of the 30 minute time limit" and there is "no evidence that petitioner voluntarily elected not to take the test." We believe plaintiff's arguments to be patently untenable and clearly contrary to existing case law.

G.S. 20-16.2 (Cum. Supp. 1981) does not require that a suspected drunk driver submit to a chemical test. *Montgomery v. North Carolina Dep't of Motor Vehicles*, 455 F. Supp. 338 (W.D.N.C. 1978), *aff'd*, 599 F. 2d 1048 (4th Cir. 1979). It does, however, provide that a suspect who "willfully refuses" a request to submit to the test will have his driving privileges automatically revoked for a period of six months. The standard of "willful refusal" in this context is clear. Once apprised of one's rights and having received a request to submit, a driver is allowed 30 minutes in which to make a decision. A "willful refusal" occurs whenever a driver "(1) is aware that he has a choice to take or to refuse to take the test; (2) is aware of the time limit within which he must take the test; (3) voluntarily elects not to take the test; and (4) knowingly permits the prescribed thirty-minute time limit to expire before he elects to take the test." *Etheridge v. Peters*, 301 N.C. 76, 81, 269 S.E. 2d 133, 136 (1980).

In the present case, plaintiff was requested to take the test and acknowledged an understanding of his rights. Plaintiff was told of the 30 minute time limit and was repeatedly asked if he would take the test before it expired. Plaintiff's initial 20 minute silence in response to those requests does not toll the 30 minute period. Otherwise, any suspect could evade the possible repercussions of testing by simply refusing to cooperate. *Cf. Rice v. Peters, Comr. of Motor Vehicles*, 48 N.C. App. 697, 269 S.E. 2d 740 (1980). Obviously, one may refuse the test by inaction as well as by words. "Refusal," in this context, has been defined as "the declination of a request or demand, or the omission to comply with some requirement of law, as the result of a positive intention to disobey." *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 233, 182 S.E. 2d 553, 558, *reh. denied*, 279 N.C. 397, 183 S.E.

2d 241 (1971) (*quoting* Black's Law Dictionary, 4th Ed.). A finding that a driver "did refuse" to take the test is equivalent to a finding that the driver "willfully refused" to take the test. *Id.* at 233, 182 S.E. 2d at 559.

Plaintiff's position is not aided by evidence showing his later willingness to take the test at 7:15 p.m. *See, e.g., Seders v. Powell, Comr. of Motor Vehicles*, 298 N.C. 453, 259 S.E. 2d 544 (1979); *Etheridge, supra.* Nor is this plaintiff aided by his alleged lack of either understanding or knowledge that the prescribed time limit was expiring. For example, in *Seders, supra*, the petitioner similarly and unsuccessfully argued that due to continuing efforts to contact his attorney, he was unaware that his 30 minute time period had expired. Yet, as in the present case, the Court noted that Seders had been informed of both the existence of the 30 minute deadline and the consequences of his failure to submit. Like Seders, plaintiff, nevertheless, elected to run the risk of awaiting his attorney's call. The actions of each "constituted a conscious choice purposefully made and [their] omission to comply with this requirement of our motor vehicle law amounts to a willful refusal." *Seders* at 461, 259 S.E. 2d at 550. The trial court's conclusion that plaintiff willfully refused to submit is supported by the evidence and will not be disturbed on appeal. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979).

Plaintiff alternatively contends that he was not properly requested to submit to the test as directed by statute. G.S. 20-16.2(c) (Cum. Supp. 1981) provides that "[t]he arresting officer, in the presence of the person authorized to administer a chemical test, shall request that the person arrested submit to a test. . . ." Plaintiff argues that this language requires a "present request" and was violated in light of testimony in which Officer Stout stated that "[a]fter I informed [plaintiff] of his rights [Officer Lefler] requested him to submit to the test when I offered it to him." We find this argument to be unfounded. The Legislature did not intend to prescribe such precise terminology or to impose "such a rigid sequence of events as contended" by plaintiff. *Rice* at 700, 269 S.E. 2d at 742. Such contrived precision is unnecessary for the protection of suspects and is clearly detrimental to the effective enforcement of drunk driving laws. *See Montgomery v. North Carolina Dep't of Motor Vehicles*, 455 F. Supp. 338 (W.D.N.C. 1978), *aff'd*, 599 F. 2d 1048 (4th Cir. 1979).

The trial court properly affirmed the order revoking plaintiff's license.

Judgment affirmed.

Judges BRASWELL and EAGLES concur.