STATE OF NORTH CAROLINA v. HOWARD EUGENE SAFRIT, DEFENDANT

No. COA02-304

(Filed 17 December 2002)

## 1. Sentencing— prior record level determination—collateral estoppel

Collateral estoppel did not apply to determining a prior record level where the trial court considered two convictions which a previous jury had determined did not support violent habitual felon status. The issues litigated were not the same in that the burden of proof in determining prior record level is preponderance of the evidence while the burden in a violent habitual felon proceeding is beyond a reasonable doubt.

## 2. Sentencing— evidence of prior convictions—court records and DCI printout

The trial court did not err by basing its sentencing findings on the State's evidence where the prosecutor introduced a Division of Criminal Information printout and court documents. Although defendant points out minor clerical errors, these errors alone do not render the evidence incompetent.

Appeal by defendant from judgment entered 16 November 2001 by Judge Sanford L. Steelman, Jr. in Superior Court, Union County. Heard in the Court of Appeals 30 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Office of the Appellate Defender, by Constance E. Widenhouse, Assistant Appellate Defender, for the defendant-appellant.*

WYNN, Judge.

On appeal from a sentence of imprisonment arising from his criminal convictions, defendant asserts he is entitled to a new sentencing hearing because (I) the court erred in determining his prior record level by considering two prior convictions that a previous jury had already determined did not support a habitual felon status, and (II) the trial court used unreliable and incompetent evidence to base its findings of defendant's prior convictions and record level. After carefully reviewing the record, we find no error and, therefore, uphold the judgment of the Superior Court, Union County.

Defendant was convicted on 7 October 1999 of assault with a deadly weapon inflicting serious injury and, being a violent habitual felon. *See State v. Safrit*, 145 N.C. App. 541, 551 S.E.2d 516 (2001) (hereinafter *"Safrit I"*; setting forth the relevant facts giving rise to defendant's convictions in this case). In *Safrit I*, we reversed defendant's violent habitual felon conviction, and remanded for resentencing, because the "State was collaterally estopped from attempting to convict defendant of being a violent habitual felon based on the same two alleged prior violent felony convictions upon which a jury had already found defendant not guilty of violent habitual felon status." *Safrit I*, 145 N.C. App. at 554, 551 S.E.2d at 525.[1] On 12 November 2001, at the resentencing hearing, the trial judge considered the same two prior convictions and found defendant had a prior record level VI and imposed a sentence of 59 to 80 months for a Class E felony. Defendant now appeals from this judgment.

[1] Defendant first contends the trial court erred in considering defendant's prior convictions for felonious assault and armed robbery in determining his prior record level. He argues the State was collaterally estopped from presenting these convictions, because a jury in a prior proceeding (98 CRS 10003) acquitted him of having attained violent habitual felon status based upon these two felonies. We disagree.

N.C. Gen. Stat. § 15A-954(a)(7) (2001) requires dismissal of the charges stated in a criminal pleading if it is determined that "an issue of fact or law essential to a successful prosecution has been previously adjudicated in favor of defendant in a prior action between the parties." The requirements of identity of issues, to which collateral estoppel may be applied, has been established by the North Carolina Supreme Court as follows:

(1) the issues must be the same as those involved in the prior action, (2) the issues must have been raised and actually litigated in the prior action, (3) the issues must have been material and relevant to the disposition of the prior action, and (4) the determination of the issues in the prior action must have been necessary and essential to the resulting judgment.

---

1. The State indicted defendant for being a violent habitual felon based upon a 1 May 1973 conviction in Rowan County for armed robbery and a 8 December 1977 conviction in Caswell County for assault with a deadly weapon inflicting serious injury. At a prior trial, defendant was found not guilty by a jury of being a violent habitual felon based upon these same two underlying offenses.

*See Safrit I*, 145 N.C. App. at 553, 551 S.E.2d at 524 (citations omitted). Therefore, as a threshold issue, we must determine whether the issues fully litigated by 98 CRS 10003 were the same issues before the trial court during resentencing in the case *sub judice*.

In *Safrit I*, this Court stated the issue in a violent habitual felon proceeding as "the State must prove *beyond a reasonable* doubt that the defendant has been convicted of two prior violent felonies, with both convictions occurring on or after 6 July 1967. *Id.* (emphasis added). However, at a sentencing hearing, "the State bears the burden of proving, *by a preponderance of the evidence*, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (emphasis added). Thus, the issues litigated by 98 CRS 10003 and during the resentencing are different in one substantial respect: The State's burden of proving defendant's involvement in the prior conviction changed from "beyond a reasonable doubt" to "by a preponderance of the evidence."

"It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel." *Dowling v. U.S.*, 493 U.S. 342, 349 (1990); *see also State v. Agee*, 326 N.C. 542, 391 S.E.2d 171 (1990). Here, like in a civil action, the burden of proof during a sentencing hearing to determine prior record level is "by a preponderance of the evidence" instead of the much more exacting burden of "beyond a reasonable doubt" required during the trial's substantive phases. Accordingly, in the case *sub judice*, the issues litigated were not the same and collateral estoppel does not apply. Therefore, defendant's first contention is without merit.

**[2]** Defendant also argues the trial court erred by basing its findings of defendant's prior convictions and prior record level on unreliable evidence. Specifically, defendant argues the evidence presented— prior court records and a DCI printout—were unreliable because they erroneously stated an incorrect disposition date and incorrectly identified defendant as "Howard Safriet, W,M." instead of "Howard Safrit." Accordingly, defendant contends the State did not prove his alleged prior convictions with competent evidence. We disagree.

N.C. Gen. Stat. § 15A-1340.14(f) provides "a prior conviction shall be proved by any of the following methods: (1) stipulation of the parties; (2) an original or copy of the court record of the prior conviction;

(3) a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts; (4) any other method found by the court to be reliable." In addition, "the original or a copy of the court records or a copy of the records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true." *Id.*

In the case *sub judice*, the prosecutor contended the defendant had a prior record level VI and provided the court with a prior record level worksheet. The prosecutor introduced a Division of Criminal Information computer printout, court documents from Rowan County file no. 73 CRS 3726 (armed robbery conviction), and court documents from Caswell County file no. 77 CRS 894 (assault with deadly weapon inflicting serious injury conviction). According to the statute, these documents are to be considered prima facie evidence that defendant is the same person that was convicted of those prior offenses.

Although defendant does point out minor clerical errors, these errors, standing alone, do not render the evidence incompetent. Furthermore, our analysis of the records before this Court indicates the Division of Criminal Information printout contains the same social security number and driver's license number as those listed on the court documents for this current case. Likewise, the court file from Rowan County has the same spelling of defendant's name as the person convicted for those charges. Accordingly, we hold the trial court did not err in considering and basing its findings on the State's evidence of defendant's prior convictions.

No error.

Judges TIMMONS-GOODSON and HUNTER concur.