JOHN WESKETT POWERS, Plaintiff v. GEORGE TATUM, COMMISSIONER OF THE N.C. DIVISION OF MOTOR VEHICLES, Defendant

No. COA08-137

(Filed 5 May 2009)

**1. Collateral Estoppel and Res Judicata— civil drivers license revocation—not precluded by criminal dismissal**

A civil driver's license revocation proceeding was not precluded by collateral estoppel where the revocation was for refusing an Intoxilyzer test and the preceding criminal action had been dismissed for violation of petitioner's right to have a witness present during the test. The criminal proceeding did not reach the issue of willful refusal to take the test; moreover, collateral estoppel is not applicable where there is a lower standard of proof in the subsequent action. Here, the original action was criminal, the subsequent action civil.

**2. Motor Vehicles— driver's license revocation—refusal of alcohol test**

The trial court did not err by failing to conclude that a violation of petitioner's right to a witness obviated his duty to submit

to chemical analysis and precludes a legal determination that he willfully refused an Intoxilyzer test. The unchallenged findings were that petitioner was informed of his statutory rights and was given the opportunity to exercise them, he was kept informed of the time period as it passed, he was provided with multiple opportunities to take the test, and he was not marked as a refusal until after the period expired. The trial court properly determined that petitioner refused the test for reasons not related to the right to have a witness present.

Appeal by plaintiff from judgment entered 18 May 2007 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 24 September 2008.

*George B. Currin, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks and Associate Attorney General Jess D. Mekeel, for respondent-appellee.*

STEELMAN, Judge.

The district court's dismissal of the criminal charge of driving while impaired based upon a violation of petitioner's right to have a witness present did not operate as collateral estoppel on the issue of willful refusal to submit to an Intoxilyzer test in a subsequent administrative license revocation hearing. Where petitioner fails to challenge any of the trial court's findings of fact on appeal, they are binding on the appellate court, and establish that petitioner's refusal to take the Intoxilyzer test was not based upon the fact that his witness was not present.

## I. Factual and Procedural Background

On 12 April 2006, John Weskett Powers (petitioner) was arrested and charged with driving while impaired. Petitioner was taken to the Wake County Public Safety Center, where he was advised of his right to select a witness to view the chemical analysis testing procedures (Intoxilyzer test) pursuant to N.C. Gen. Stat. § 20-16.2(a)(6). Petitioner stated that he wanted to have a witness present for the test and called his girlfriend. Approximately, thirty-four minutes later, at 12:29 a.m., Officer Holmes, requested that petitioner submit to the Intoxilyzer test to determine his blood alcohol content. Petitioner refused.

POWERS v. TATUM

[196 N.C. App. 639 (2009)]

On 11 May 2006, petitioner was informed by the Division of Motor Vehicles (DMV) that his license had been revoked for a period of one year due to his willful refusal to submit to chemical analysis pursuant to N.C. Gen. Stat. § 20-16.2(d). Petitioner requested and was granted a hearing before DMV on 14 August 2006, which was then continued until 2 October 2006. After the hearing was conducted, DMV sustained petitioner's license revocation, "effective October 14, 2006 at 12:01 a.m." On 13 October 2006, petitioner filed an action in the Superior Court of Wake County seeking (1) *de novo* judicial review of the administrative agency decision pursuant to N.C. Gen. Stat. § 20-16.2(e) and (2) an order staying DMV's license revocation. An order was entered that same day staying the revocation pending a final hearing in superior court.

On 23 January 2007, while his civil action was pending in superior court, petitioner filed a motion to dismiss the criminal charge of driving while impaired in the District Court of Wake County. On 13 April 2007, the district court granted defendant's motion based upon the finding that defendant's witness had made reasonable and diligent efforts to locate defendant prior to the expiration of the thirty-minute time period allowed for her arrival, and through no fault of her own was denied access to defendant. The district court concluded the denial of access to his witness violated defendant's constitutional rights under Article 1, § 23 of the North Carolina Constitution and defendant's statutory rights under N.C. Gen. Stat. § 20-16.2.

The petition for *de novo* review of the administrative revocation was heard in Wake County Superior Court on 18 April 2007. Petitioner argued that DMV was collaterally estopped from proceeding with the revocation because the district court had found that his statutory rights under N.C. Gen. Stat. § 20-16.2 had been violated. In a judgment entered 18 May 2007, Judge Gessner affirmed DMV's revocation order. Petitioner appeals.

## II. Collateral Estoppel

[1] In petitioner's first two arguments, he contends that the superior court erred in concluding that collateral estoppel did not bar DMV from revoking his driving privileges. We disagree.

"Under the doctrine of collateral estoppel, also known as issue preclusion, parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were neces-

sary to the prior determination." *Scarvey v. First Fed. Savings & Loan Ass'n of Charlotte*, 146 N.C. App. 33, 38, 552 S.E.2d 655, 658-59 (2001) (quotation omitted). The burden of establishing that an issue is barred by collateral estoppel is on the party relying thereon. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 678, 657 S.E.2d 55, 61 (citation omitted), *disc. review denied*, 362 N.C. 679, 669 S.E.2d 741 (2008). To carry this burden, the moving party must show: (1) a prior suit resulting in a final judgment or decree; (2) between identical parties or those in privity; (3) involving one or more identical issues; (4) that the specific issue was litigated and necessary to the prior judgment; and (5) that the specific issue was actually determined. *State v. Summers*, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000). Whether the doctrine of collateral estoppel is applicable and bars a specific claim or issue is a question of law subject to *de novo* review. *Bluebird Corp.*, 188 N.C. App. at 678, 657 S.E.2d at 61 (citation omitted).

In regards to collateral estoppel in the context of driving while impaired in both civil and criminal proceedings, our Supreme Court has stated:

> Under implied consent statutes such as G.S. 20-16.2, the general rule is that neither an acquittal of a criminal charge of operating a motor vehicle while under the influence of intoxicating liquor, nor a plea of guilty, nor a conviction has any bearing upon a proceeding before the licensing agency for the revocation of a driver's license for a refusal to submit to a chemical test. It is well established that the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. Each action proceeds independently of the other, and the outcome of one is of no consequence to the other.

*Joyner v. Garrett*, 279 N.C. 226, 238, 182 S.E.2d 553, 562 (internal citation and quotation omitted), *reh'g denied*, 279 N.C. 397, 183 S.E.2d 241 (1971). Notwithstanding this precedent, our appellate courts have allowed the doctrine of collateral estoppel to be applied when the same issue existed in a civil revocation proceeding and a separate criminal proceeding. *See, e.g., Summers, supra; Brower v. Killens*, 122 N.C. App. 685, 472 S.E.2d 33 (1996), *disc. review improvidently allowed*, 345 N.C. 625, 481 S.E.2d 86 (1997).

In *Summers*, our Supreme Court distinguished its holding in *Joyner* and upheld this Court's determination that where the superior court overturned a DMV license revocation upon finding that the defendant did not willfully refuse to submit to the Intoxilyzer test, this decision estopped the relitigation of that same issue in the defendant's criminal prosecution for driving while impaired. *Summers*, 351 N.C. at 626, 528 S.E.2d at 22.

In *Brower*, this Court addressed the issue of whether the superior court, on *de novo* review of the DMV's revocation order, erred by concluding the DMV was estopped from relitigating whether the officer had probable cause to arrest the defendant for driving while impaired, when the district court had previously found there was insufficient evidence and granted the defendant's motion to dismiss in a criminal proceeding. *Brower*, 122 N.C. App. at 686, 472 S.E.2d at 35. We noted that "there is no legal distinction between probable cause to arrest in a criminal proceeding and 'reasonable ground to believe' that the accused was driving while impaired in a license revocation hearing." *Id.* at 690, 472 S.E.2d at 37 (citations omitted). This Court affirmed the trial court's order, which collaterally estopped the DMV from relitigating the issue of probable cause on the basis that "the quantum of proof necessary to establish probable cause to arrest in criminal driving while impaired cases and civil license revocation proceedings, notwithstanding the different burdens on the remaining elements, is virtually identical." *Id.* However, this Court carefully limited its holding to probable cause determinations in order to comport with our Supreme Court's ruling in *Joyner. Id.* at 689, 472 S.E.2d at 36.

Petitioner cites the preceding authority for the proposition that collateral estoppel is applicable in the instant case. Petitioner's argument is unavailing for two separate reasons.

First, petitioner has failed to demonstrate that the issue of willful refusal was previously litigated and determined by the district court. *Summers*, 351 N.C. at 622, 528 S.E.2d at 20. In the present case, Judge Gessner determined that:

2. The Respondent is not collaterally estopped from proceeding in this matter, as the district court's order makes no finding as to willfulness of the Petitioner's refusal.

3. The issue of whether the Petitioner's refusal was willful or not was not a matter before the district court . . . . The issue in that

matter concerned whether the petitioner was denied his right to a witness to observe the intoxilyzer proceeding. Accordingly, the issue of whether the Petitioner's refusal was willful has not [been] litigated by the parties and has not been ruled upon by the district court or a court of competent jurisdiction.

Unlike *Summers*, where the order from the civil proceeding addressed the issue of willful refusal, a review of the order of the district court in the criminal proceeding confirms that the issue of willful refusal was not decided by that court. Instead, having determined that petitioner's right to a witness had been violated, the district court never reached the issue of willful refusal. In fact, petitioner concedes in his brief that the district court's order "did not determine that [p]etitioner had 'willfully refused' to submit to the breath test," but argues that collateral estoppel is applicable on the basis that the order "finally determine[d] the underlying issues of ultimate fact of whether [p]etitioner's statutory right to have a witness under [N.C. Gen. Stat. § 20-16.2] had been violated." Petitioner's contention is without merit. Judge Gessner properly concluded that the issue of willful refusal had not been litigated by the parties or determined in the criminal proceeding.

Second, we reiterate the fundamental difference between criminal prosecutions and civil license revocation proceedings as recognized by our appellate courts in *Joyner* and *Brower*. It is well-established that the burden of proof necessary to convict a defendant of a criminal offense is beyond a reasonable doubt, which is substantially higher than that required in civil actions, i.e., by the preponderance of the evidence. *Ellett v. Ellett*, 157 N.C. 161, 163, 72 S.E. 861, 861 (1911). Our Court has held that the doctrine of collateral estoppel is inapplicable where there is a lower burden of proof in the subsequent action than that required in the original trial. *See State v. Safrit*, 154 N.C. App. 727, 729, 572 S.E.2d 863, 865 (2002) (providing that where the burden of proof was by the preponderance of the evidence during a sentencing hearing to determine a defendant's prior record level, instead of the much more exacting burden of proof of beyond a reasonable doubt, the issues litigated were not the same and collateral estoppel was inapplicable), *disc. review denied*, 357 N.C. 65, 579 S.E.2d 571 (2003); *see generally Hussey v. Cheek*, 31 N.C. App. 148, 149, 228 S.E.2d 519, 521 (1976) ("When the burden of proof at the second trial is less than at the first, the failure to carry that burden at the first trial cannot raise an estoppel to carrying the lesser burden at the second trial."). Therefore, assuming *arguendo* the district court

had found the State had failed to prove beyond a reasonable doubt that petitioner willfully refused to submit to the Intoxilyzer test to determine his blood alcohol content, the State would not have been precluded from attempting to prove the same by a preponderance of the evidence at a civil license revocation proceeding.

For these reasons, petitioner's contentions are without merit.

### III. Revocation of Petitioner's Driving Privilege

[2] In petitioner's remaining arguments, he contends that the trial court erred in failing to conclude that a violation of his rights obviated his duty to submit to chemical analysis and precludes a legal determination that he willfully refused the Intoxilyzer test. We disagree.

A person's license may be revoked if he has willfully refused to submit to an Intoxilyzer test after being charged with an implied-consent offense. N.C. Gen. Stat. § 20-16.2 (2007). Under the statute, an individual who exercises his right to have a witness present may not delay the test for more than 30 minutes, and must take the test "at the end of 30 minutes even if . . . [the] witness has not arrived." N.C. Gen. Stat. § 20-16.2(a)(6). An individual whose license is revoked under N.C. Gen. Stat. § 20-16.2 has a right to a hearing before an officer of DMV. Subsection (d) of the statute states, in relevant part:

The hearing shall be . . . limited to consideration of whether:

(1) The person was charged with an implied-consent offense or the driver had an alcohol concentration restriction on the drivers license pursuant to G.S. 20-19;

(2) A law enforcement officer had reasonable grounds to believe that the person had committed an implied-consent offense or violated the alcohol concentration restriction on the drivers license;

. . .

(4) The person was notified of the person's rights as required by subsection (a); and

(5) The person willfully refused to submit to a chemical analysis.

N.C. Gen. Stat. § 20-16.2(d). "Although the Division's determination is subject to *de novo* review by the [s]uperior [c]ourt, the hearing in [s]uperior [c]ourt is limited to the same five issues." *In re Suspension*

*of License of Rogers*, 94 N.C. App. 505, 506, 380 S.E.2d 599, 599 (1989) (citation omitted).

The issues to be determined by the superior court are unrelated to either the legality of the arrest or whether the test was performed according to applicable rules and regulations. *See In re Gardner*, 39 N.C. App. 567, 573, 251 S.E.2d 723, 727 (1979) (legality of arrest); *Gibson v. Faulkner*, 132 N.C. App. 728, 734, 515 S.E.2d 452, 456 (1999) (applicable rules and regulations). On appeal, this Court is bound by the trial court's findings of fact if they are "supported by competent evidence, even though there may be evidence to the contrary," *Gibson*, 132 N.C. App. at 732-33, 515 S.E.2d at 455 (1999) (quotation omitted), or if "no exception is taken" to an individual finding by appellant, *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

In the instant case, Judge Gessner found that:

17. Officer Thomas completed advising the petitioner of his rights at 11:55 p.m.

. . . .

23. At 12:29 a.m., Officer Holmes, in the presence of Officer Thomas, requested that the petitioner provide a valid sample of breath on the Intoxilyzer.

24. Petitioner stood up and informed the officers that he would not take the test because he was innocent.

. . . .

26. Petitioner was provided several opportunities to provide a valid sample of breath into the Intoxilyzer. The petitioner was also warned that if he failed to provide a valid sample, he would be marked as a refusal.

27. Petitioner informed the officers several times that he would not take the intoxilyzer test.

. . . .

29. Upon the request to take the Intoxilyzer test, the petitioner made no attempt to take the test.

30. Thirty-four minutes after being advised of his rights and upon request to take the Intoxilyzer test, the petitioner did not

know whether or not a witness had arrived to view him take the Intoxilyzer test.

31. At 12:29 a.m., Officer Thomas marked the petitioner as a refusal.

We note that petitioner failed to assign error to any of the thirty-one findings of fact contained in Judge Gessner's order, thus they are presumed to be correct and are binding on appeal. *Id.*

Upon the findings of fact, Judge Gessner concluded that:

1. Petitioner was arrested for an implied consent offense based upon reasonable grounds.

2. Petitioner was notified of his rights by a qualified chemical analyst pursuant to G.S. § 20-16.2(a).

3. Petitioner willfully refused to submit to a chemical analysis upon request of the charging officer.

Petitioner challenges only conclusion of law number 3.

### 1. *Rogers*

In part, petitioner contends that the trial court erred in failing to find facts and to enter conclusions of law that demonstrate a consideration of the legal issues presented in the case. He argues that this Court's holding in *Rogers, supra*, required the trial court to make findings to resolve the issue of whether petitioner's refusal to take the test was related to the violation of his rights under N.C. Gen. Stat. § 20-16.2(a) to have a witness present, and that the failure of the trial court to make such findings is reversible error. Petitioner further argues that the evidence compelled a finding that he was willing to submit to the Intoxilyzer test with a witness present and that the trial court could not, as a matter of law, conclude that his refusal was willful when his right to have a witness present was violated. We find these arguments to be without merit.

Petitioner's reliance upon *Rogers* is misplaced. In *Rogers*, this Court reversed revocation of an operator's license and remanded the matter for a determination of whether the petitioner willfully refused the test. *Id.* at 510, 380 S.E.2d at 601-02.

Under G.S. 20-16.2, a willful refusal occurs where a motorist: (1) is aware that he has a choice to take or to refuse to take the test;

(2) is aware of the time limit within which he must take the test; (3) voluntarily elects not to take the test; and (4) knowingly permits the prescribed thirty-minute time limit to expire before he elects to take the test. *Etheridge v. Peters, Comr. of Motor Vehicles*, 301 N.C. 76, 81, 269 S.E.2d 133, 136 (1980). The purpose of the statute is fulfilled when the motorist is given the option to take or refuse to take the test after being informed of his statutory rights. *Rice v. Peters, Comr. of Motor Vehicles*, 48 N.C. App. 697, 700-01, 269 S.E.2d 740, 742 (1980).

*Id.* at 508-09, 380 S.E.2d at 600-01. In the instant case, petitioner was informed of his statutory rights, and given the opportunity to exercise those rights. Petitioner was kept informed of the thirty-minute time period as it elapsed, made aware of the choice he had to take or refuse the test, and provided multiple opportunities to submit to the test. Petitioner was not marked as a refusal until four minutes past the elapsed time limit. After being informed and kept apprised of his rights, petitioner was given the option to take or refuse the Intoxilyzer test, and the purpose of the statute was thus fulfilled. *Id.*

### 2. *Gilbert Engineering Co.*

The appropriate standard of review for the trial court's order is found in *Gilbert Engineering Co. v. City of Asheville*, 74 N.C. App. 350, 328 S.E.2d 849, *disc. review denied*, 314 N.C. 329, 333, S.E.2d 485 (1985).

In cases where the trial judge sits as the trier of facts, he is required to (1) find the facts on all issues joined in the pleadings; (2) declare the conclusions of law arising on the facts found; and (3) enter judgment accordingly. *Coggins v. City of Asheville*, 278 N.C. 428, 180 S.E.2d 149 (1971); G.S. 1A-1, Rule 52(a). The facts required to be found are the ultimate facts established by the evidence which are determinative of the questions involved in the action and essential to support the conclusions of law reached. *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982). The requirement is designed to "dispose of the *issues raised by the pleadings*" and to permit "a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (emphasis supplied). The court's findings of fact are conclusive on appeal if supported by competent evidence, even though there may be evi-

dence to the contrary. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975).

*Id.* at 364, 328 S.E.2d at 857-58.

In the instant case, the evidence before the superior court was conflicting. The officers asserted that petitioner was marked as a refusal after refusing the test "because he was innocent." Petitioner testified that he refused the test because his right to have a witness present was violated. However, petitioner concedes through finding of fact 30 that he did not know whether or not his witness was present, and therefore did not know that his rights had been violated. Findings of fact 24 and 30 are the ultimate findings of fact required to support the trial court's conclusion that petitioner's refusal was willful. *Id.*

We agree with the *Rogers* Court that "[c]onsiderations of fairness and accuracy are not present . . . when a motorist refuses to take a test for wholly unrelated reasons." *Rogers*, 94 N.C. App. at 509, 380 S.E.2d at 601. In light of findings of fact 24 and 30, we hold that the trial court properly determined that petitioner refused to take the test for reasons unrelated to the violation of his right to have a witness present under N.C. Gen. Stat. § 20-16.2.

The trial court's conclusion that petitioner willfully refused to submit to the Intoxilyzer test is an accurate statement of the law under N.C. Gen. Stat. § 20-16.2 based upon findings of fact 17, 23-24, 26-27, and 29-31. By concluding that petitioner's refusal was willful, the trial court resolved any issue of whether the refusal was related to the State's violation of petitioner's right to have a witness present during chemical analysis. We hold that the order of the trial court properly resolved all matters raised by the pleadings and complies with the requirements of *Gilbert Engineering Co.*

Petitioner argues only eleven of fourteen assignments of error in his brief. His remaining assignments of error are deemed abandoned. N.C.R. App. P. 28 (2008).

AFFIRMED.

Judges McGEE and STROUD concur.