STATE OF NORTH CAROLINA v. ELIAS PROSSER GRAY

No. 7527SC770

(Filed 4 February 1976)

**Automobiles § 126— breathalyzer test — method of administration — failure of State to show**

Defendant charged with driving under the influence is entitled to a new trial since the trial court erred in admitting evidence of a breathalyzer test over defendant's objection where the State failed to carry its burden of proving that the statutorily prescribed methods were followed in administering the test. G.S. 20-139.1(b).

APPEAL by defendant from *Falls, Judge.* Judgment entered 14 July 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 20 January 1976.

Defendant was tried in the District Court upon a warrant charging him with driving while under the influence of intoxicating liquor. Defendant entered a plea of not guilty and was convicted. On appeal to the Superior Court and upon his plea of not guilty, the jury returned a verdict of guilty. From judgment sentencing him to a term of imprisonment, defendant appealed.

*Attorney General Edmisten, by Associate Attorneys T. Lawrence Pollard and Joan H. Byers, for the State.*

*Harris and Bumgardner, by Don H. Bumgardner, for defendant appellant.*

MORRIS, Judge.

Defendant contends, *inter alia,* that the trial court erred in admitting evidence of the breathalyzer test over his objection in view of the State's failure to establish as a foundational requirement that the test, as performed, met the operational standards prescribed by statute. We agree. The failure of the State to produce evidence of the test operator's compliance with G.S. 20-139.1(b) must be deemed prejudicial error.

During the course of the trial, W. P. Thomas, a qualified operator of the breathalyzer machine, testified on voir dire that he administered the test to defendant after advising him of his "rights." The record, however, does not indicate whether Mr. Thomas followed the statutorily prescribed methods of ad-

ministering the test. Under G.S. 20-139.1(b), "[c]hemical analyses of the person's breath or blood, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the Commission for Health Services and by an individual possessing a valid permit issued by the Commission for Health Services for this purpose." The burden of proving compliance with G.S. 20-139.1(b) lies with the State and " . . . the failure to offer any proof is not sanctioned by the courts. . . . " *State v. Warf,* 16 N.C. App. 431, 432, 192 S.E. 2d 37 (1972). The State's failure to lay the proper foundation for the admission of evidence of the results of the breathalyzer test entitles defendant to a new trial.

We deem it unnecessary to address the other contentions raised by the defendant.

New trial.

Chief Judge BROCK and Judge BRITT concur.