WALTER DANIEL MELTON, Petitioner v. ROBERT F. HODGES, COMMISSIONER, DIVISION OF MOTOR VEHICLES OF THE STATE OF NORTH CAROLINA, Respondent

No. 9310SC926

(Filed 17 May 1994)

**Evidence and Witnesses § 867 (NCI4th)— statements to officer— probable cause for arrest—not hearsay**

An officer's testimony reciting the statements of two eyewitnesses that a vehicle almost ran their car off the road, that they observed the vehicle leave the road and strike a stop sign, and that they followed the vehicle to a residence and saw a man in a white shirt and blue pants exit the vehicle, fall to the ground, and then enter the residence did not constitute hearsay since the testimony was not offered to prove the truth of the matters asserted by the eyewitnesses but was offered to show the basis for the officer's reasonable belief at the time he arrested petitioner that petitioner had been driving while impaired.

**Am Jur 2d, Evidence §§ 497 et seq.**

Appeal by petitioner from judgment entered 7 May 1993 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 18 April 1994.

*John F. Oates, Jr., for petitioner appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Bryan E. Beatty, for respondent appellee.*

COZORT, Judge.

Petitioner appeals from a judgment affirming the revocation of his driving privileges for one year based on his willful refusal to submit to an intoxilyzer test. Petitioner's sole argument on appeal is that the superior court abused its discretion by basing its decision on unreliable and incompetent hearsay evidence. We find this argument unpersuasive and affirm the judgment entered.

· The parties stipulated that the sole issue to be decided by the superior court was whether the charging officer at the time of the arrest had reasonable grounds to believe that petitioner had committed an implied consent offense. In resolving this issue, the court found as follows:

2. On April 3, 1992 at approximately 9:10 pm, Officer George Daniels of the Cary Police Dept. responded to a radio call to investigate a report of suspected impaired driver. Officer Daniels arrived at the residence where two female witnesses were waiting outside.

3. [Officer] Daniels spoke with the two witnesses who identified themselves as Ms. Jewell and Ms. Bottger [*sic*]. The witnesses stated that they observed a motor vehicle travelling at a high rate of speed [that] almost ran the witness's vehicle off of the road on the Cary Parkway. The witnesses followed the vehicle and observed it weaving and run off the road and strike a stop sign. The witnesses followed the vehicle to the residence and observed a man in a white shirt and blue pants exit the vehicle and fall to the ground. The man went into the residence. One of the witnesses contacted the Cary Police Department while the other waited at the residence. The witnesses told Officer Daniels that only three to five minutes passed from the time the police department was contacted to the time Officer Daniels arrived at the residence.

4. Officer Daniels felt the hood and exhaust pipe of the vehicle that the witnesses said they followed to the residence. The hood and exhaust pipe were hot. Officer Daniels also observed a liquor bottle in the passenger compartment of the vehicle.

MELTON v. HODGES

[114 N.C. App. 795 (1994)]

5. Officer Daniels went to the door of the residence and was allowed to enter the residence by petitioner's wife. Officer Daniels observed petitioner in the residence. Petitioner had a strong odor of alcohol on his person and was unable to stand without staggering. Petitioner told Officer Daniels that he had not driven a vehicle since he arrived home from work some hours earlier. Petitioner stated that his wife had just arrived home. She had driven a vehicle other than the one the witnesses followed.

6. Officer Daniels notice[d] that petitioner was wearing a white shirt and blue pants. His clothing was disorderly and the shirt had a grass stain on it.

7. Officer Daniels inspected the motor vehicle the witnesses said they followed to the residence and noticed a small scratch on the front bumper.

8. Based on the information he received from the two witnesses regarding their observations of the operation of the motor vehicle and also upon his own observations of petitioner and the vehicle, the witnesses said they followed, Officer Daniels formed the opinion that petitioner had been driving while impaired. Officer Daniels arrested petitioner for driving while impaired.

Based on these findings, the court concluded that when Officer Daniels arrested petitioner, he had reasonable grounds to believe that petitioner had committed an implied consent offense.

Officer Daniels was the sole witness at the hearing in the court below. He was permitted to testify, over petitioner's objection, as to the information provided him by the two eyewitnesses, Ms. Jewell and Ms. Boeddeker. Petitioner contends that Daniels' testimony concerning what Ms. Jewell and Ms. Boeddeker told him was inadmissible hearsay and erroneously admitted; that the court's Finding of Fact No. 3, which is based on the information provided Daniels by these two eyewitnesses, is therefore not based on competent evidence and should be disregarded; and that the remaining findings are insufficient to support the conclusion that Daniels had reasonable grounds to believe that petitioner had committed an implied consent offense.

Respondent contends that the testimony in question was not hearsay because it was not offered to prove the truth of the matters

asserted by Ms. Jewell and Ms. Boeddeker but instead was offered to show the basis for Daniels' belief that petitioner had been driving while impaired. We agree with respondent.

N.C. Gen. Stat. § 8C-1, Rule 801(c) (1992), defines "[h]earsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

> When evidence of such statements by one other than the witness testifying is offered for a proper purpose other than to prove the truth of the matter asserted, it is not hearsay and is admissible. Specifically, "statements of one person to another are admissible to explain the subsequent conduct of the person to whom the statement was made." *State v. White*, 298 N.C. 430, 437, 259 S.E.2d 281, 286 (1979) . . . .

*State v. Coffey*, 326 N.C. 268, 282, 389 S.E.2d 48, 56 (1990). In determining under N.C. Gen. Stat. § 20-16.2(d)(2) (1993) whether the charging officer had reasonable grounds to believe that the petitioner had committed an implied consent offense, the reasonable grounds for belief may be based upon information given to the officer by another, the source of the information being reasonably reliable, and it is immaterial that the hearsay information itself may not be competent in evidence at the trial of the person arrested. *See State v. Roberts*, 276 N.C. 98, 171 S.E.2d 440 (1970); *In re Gardner*, 39 N.C. App. 567, 251 S.E.2d 723 (1979). We conclude that Daniels' testimony regarding the information provided him by Ms. Jewell and Ms. Boeddeker was properly admitted for the purpose of showing the basis for Daniels' belief that petitioner had committed an implied consent offense. We reject defendant's argument that the decision of the superior court is improperly based on hearsay evidence.

Affirmed.

Judges WELLS and MCCRODDEN concur.