JOHNNY RICHARD GIBSON, PETITIONER/APPELLANT v. JANICE FAULKNER, COMMISSIONER NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT/APPELLEE

No. COA98-712

(Filed 6 April 1999)

1. **Motor Vehicles— driver's license revocation—reasonable grounds to believe implied consent offense committed— hearsay**

The trial court did not err in a superior court proceeding following a DMV driver's license suspension by concluding that the trooper had reasonable grounds to believe that petitioner had committed an implied consent offense. The Court of Appeals declined to review the holding in *Melton v. Hodges*, 114 N.C.App. 795, that reasonable grounds to believe petitioner had committed the offense could be based on information given to the officer by another.

2. **Motor Vehicles— driver's license revocation—refusal to give sequential breath samples—warning of rights**

The trial court did not err in a superior court challenge to a driver's license revocation by determining that petitioner had been advised of his rights under the appropriate statute when he refused to give a second breath sample. The reference in the district attorney's question to N.C.G.S. § 20-16.2(b) rather than (a)

appears to be either a transcription error or a mere lapsus linguae. Moreover, there was other competent evidence to support the court's findings.

**3. Motor Vehicles— driver's license revocation—willful refusal to submit to a chemical analysis—evidence**

The trial court did not err in a superior court proceeding arising from a DMV license revocation by concluding that petitioner had wilfully refused to submit to a chemical analysis. There was competent evidence that petitioner's conduct constituted willful refusal to give sequential breath samples; it is irrelevant in the civil revocation proceeding whether the test was performed according to applicable rules and regulations.

**4. Motor Vehicles— driver's license revocation—acquittal in criminal proceeding**

The trial court did not err by finding that DMV was not estopped from revoking petitioner's driving privileges for refusing sequential breath samples even though he was found not guilty in criminal court of driving while impaired and leaving the scene of an accident. Despite the criminal verdict, there is competent evidence to support the finding that the trooper had probable cause to believe that petitioner had committed an implied consent offense.

Appeal by petitioner from judgment entered 8 January 1998 by Judge Jesse B. Caldwell, III, in Haywood County Superior Court. Heard in the Court of Appeals 16 March 1999.

On 7 July 1996, Trooper J.D. Silver of the North Carolina Highway Patrol responded to a report of an accident on Highway 215 in Haywood County. According to the report, Gary Reece, an off-duty Deputy Sheriff, was involved in a collision with a truck which swerved left of the centerline and struck the driver's side mirror of the vehicle driven by Deputy Reece. Johnny Richard Gibson (petitioner), who was identified by Deputy Reece as the driver of the truck, left the scene of the accident after Reece indicated he was going to call the Highway Patrol to investigate the accident. A short time later, Waynesville police officers stopped a vehicle matching the description of the truck. At the time the truck was stopped, a woman was driving and petitioner was a passenger. In response to radio transmissions, Trooper Silver came to the scene of the stop. When Trooper Silver approached petitioner, he detected a strong odor of

alcohol on petitioner's breath; he also noticed that petitioner's eyes were red and glassy and that petitioner was unsteady on his feet. Deputy Reece then arrived at the scene of the stop and identified petitioner as the driver of the truck at the time of the collision with his vehicle. Based on the information received from Reece and upon his own observations of petitioner, Trooper Silver arrested petitioner for driving while impaired and for leaving the scene of an accident.

Trooper Silver then transported petitioner to the Haywood County Sheriff's Department for a chemical analysis of his breath. The trial court found that Trooper Silver, who was a certified chemical analyst, orally advised petitioner of his rights pursuant to N.C. Gen. Stat. § 20-16.2(a) (1993 & 1998 Cum. Supp.) and gave petitioner a written copy of those same rights. Although petitioner understood his rights, he refused to sign the written copy acknowledging he had been advised of his rights. Trooper Silver observed petitioner for the statutory period, and then requested petitioner to submit to a chemical analysis of his breath. The petitioner provided a breath sample which registered .11 blood-alcohol content. When Trooper Silver requested petitioner to furnish a second sequential sample, petitioner refused. Trooper Silver advised petitioner of the consequences of his refusal, stating that, if petitioner did not provide a second sample, he would be marked as having refused the test and his driving privilege would be subject to revocation. Petitioner again refused to submit a second breath sample, and Trooper Silver recorded him as having refused the test. Trooper Silver prepared an Affidavit and Revocation Report with regards to petitioner's refusal to submit to the breath test. In that Affidavit, which was later introduced into evidence in this case, Trooper Silver confirmed that prior to petitioner's refusal, he advised petitioner of his rights pursuant to N.C. Gen. Stat. § 20-16.2(a), both orally and in writing.

In the criminal proceeding, the Haywood County District Court found petitioner not guilty of driving while impaired and leaving the scene of an accident. Following an administrative hearing, however, the Division of Motor Vehicles (DMV) suspended petitioner's driving privilege for 12 months based on his willful refusal to submit to the chemical analysis. Petitioner challenged the administrative suspension by filing an action in Haywood County Superior Court. Hearings were held on 13 October and 15 December 1997 in Haywood County Superior Court, following which the trial court entered a written judgment denying petitioner's claim for relief, dissolving prior restraining orders, and authorizing DMV to proceed with revocation

of petitioner's driver's license pursuant to N.C. Gen. Stat. § 20-16.2. Petitioner appealed, assigning error.

*Hyler Lopez & Walton, P.A., by George B. Hyler, Jr., and Robert J. Lopez, for petitioner appellant.*

*Attorney General Michael F. Easley, by Associate Attorney General Jeffrey R. Edwards, for respondent appellee.*

HORTON, Judge.

Petitioner contends the trial court erred in, among other things, (I) concluding, as a matter of law, that Trooper Silver had reasonable grounds to believe that petitioner committed an implied consent offense; (II) finding as fact that petitioner had been advised of his rights under the appropriate statute; (III) concluding, as a matter of law, that petitioner wilfully refused to submit to a chemical analysis upon the request of Trooper Silver; and (IV) finding that DMV could proceed to revoke petitioner's driver's license, despite petitioner being found not guilty of the related criminal offenses in district court.

### I. Reasonable Grounds Based on Hearsay Evidence

[1] Defendant contends that the trial court erred in concluding as a matter of law that Trooper Silver had "reasonable grounds" to believe that petitioner committed an implied consent offense. Petitioner claims that Trooper Silver based his arrest upon hearsay information submitted to him by Deputy Reece, and that such hearsay testimony is inadmissible in court. Petitioner asks this Court to review its holding in *Melton v. Hodges,* 114 N.C. App. 795, 443 S.E.2d 83 (1994), that "reasonable grounds for belief may be based upon information given to the officer by another, the source of the information being reasonably reliable, and it is immaterial that the hearsay information itself may not be competent in evidence at the [criminal] trial of the person arrested." *Id.* at 798, 443 S.E.2d at 85.

We are bound by our holding in *Melton.* "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Since our ruling in *Melton* has not been overturned by a higher court, it is binding upon this panel. This assignment of error is overruled.

## II. Advice of Chemical Test Rights

**[2]** Petitioner argues that the trial court erred in determining that he had been advised of his rights under the appropriate statute. Petitioner relies on the following excerpt from the transcript of proceedings before the trial court, and argues that Trooper Silver advised him of his rights under the incorrect statute:

Q [District Attorney]: At that point did you advise Mr. Gibson of his rights pursuant to GS20-16.2b?

A [Trooper Silver]: Yes, sir, I did.

Q [District Attorney]: Did you advise him of those rights orally?

A [Trooper Silver]: Yes, sir.

Q [District Attorney]: Did you make a written copy of the rights read to him—

A [Trooper Silver]: Yes, sir. Yes, sir, I did.

Q [District Attorney]: Did he indicate to you whether or not he understood those rights?

A [Trooper Silver]: Yes, sir, he did.

Q [District Attorney]: Did you present him with the written rights form and ask him to sign it?

A [Trooper Silver]: Yes, sir, I did.

Q [District Attorney]: Did he sign it?

A [Trooper Silver]: No, sir, he refused.

Q [District Attorney]: After you advised him of his rights, did he exercise his right to call a witness or to speak with an attorney?

A [Trooper Silver]: Yes, sir. He exercised that right and he used the phone.

Petitioner contends that the rights to which he was entitled to be advised are actually found in N.C. Gen. Stat. § 20-16.2(a), and that based on Trooper Silver's testimony the trial court did not have competent evidence to conclude as a matter of law that petitioner had been properly advised of his rights. We disagree.

Where the trial judge sits as the trier of fact, "[t]he court's findings of fact are conclusive on appeal if supported by competent evi-

dence, even though there may be evidence to the contrary." *Gilbert Engineering Co. v. City of Asheville*, 74 N.C. App. 350, 364, 328 S.E.2d 849, 858, *disc. review denied*, 314 N.C. 329, 333 S.E.2d 485 (1985). In the case before us, we find there was competent evidence to support the trial judge's findings of fact. We note that N.C. Gen. Stat. § 20-16.2(b) does not even contain a recital of rights. Further, the written form referred to by Trooper Silver appears of record as an exhibit at the hearing in this matter. The written form, which the petitioner understood but refused to sign, sets out in detail the rights found in N.C. Gen. Stat. § 20-16.2(a). One of the rights enumerated in N.C. Gen. Stat. § 20-16.2(a) is the right to telephone an attorney and select a witness to view the testing procedure. The written notice of rights indicates that Trooper Silver advised petitioner of his rights at 10:10 p.m., and that petitioner called an attorney or witness at 10:11 p.m. The conduct of the petitioner in making telephone calls immediately after being advised that he had the right to do so supports the finding of the trial court that petitioner was fully advised of his rights under the correct statutory section. There is other competent evidence of record in the form of the Affidavit signed and filed by Trooper Silver affirming that he advised the petitioner of his rights pursuant to N.C. Gen. Stat. § 20-16.2*(a)*. The reference in the district attorney's question to advising petitioner of his rights under N.C. Gen. Stat. § 20-16.2*(b)* rather than *(a)* appears to be either a transcription error or a mere *lapsus linguae* by the district attorney. *See State v. Kandies*, 342 N.C. 419, 445, 467 S.E.2d 67, 81, *cert. denied*, 519 U.S. 894, 136 L. Ed. 2d 167 (1996). In any event, there was other competent evidence to support the trial court's findings of fact, and those findings support its conclusion of law that petitioner had been advised of his rights under N.C. Gen. Stat. § 20-16.2(a). Petitioner's assignment of error is overruled.

### III. Willful Refusal

**[3]** Petitioner next contends that the trial court erred in concluding, as a matter of law, that he willfully refused to submit to a chemical analysis upon request of the officer. N.C. Gen. Stat. § 20-139.1(b3) provides, among other things, that

> [a] person's willful refusal to give the sequential breath samples necessary to constitute a valid chemical analysis is a willful refusal . . . .

Petitioner does not contend that he actually furnished the sequential breath samples requested of him by the trooper. He argues, how-

ever, that to constitute a "valid chemical analysis" N.C. Gen. Stat. § 20-139.1(b) requires that the test be "performed according to methods approved by the Commission for Health Services and by an individual possessing a valid permit" for that type of chemical analysis. *State v. Gray*, 28 N.C. App. 506, 507, 221 S.E.2d 765, 765 (1976). He argues that "[t]he burden of proving compliance with G.S. 20-139.1(b) lies with the State[,]" *id.*, and that, in the case *sub judice*, "[t]he failure of the State to produce evidence of the test operator's compliance with G.S. 20-139.1(b) must be deemed prejudicial error." *Id.* at 506, 221 S.E.2d at 765.

Our holding in *Gray* addressed the issue of admitting the results of the chemical test into evidence in a *criminal* proceeding. The administrative hearing referred to in N.C. Gen. Stat. § 20-16.2(d) addresses the issue of revoking one's driving privilege based upon a willful refusal to submit to a chemical analysis, and is in the nature of a civil proceeding. N.C. Gen. Stat. § 20-16.2(d) lists five issues to be considered in the hearing:

The hearing must be conducted in the county where the charge was brought, and must be limited to consideration of whether:

(1) The person was charged with an implied-consent offense;

(2) The charging officer had reasonable grounds to believe that the person had committed an implied-consent offense;

(3) The implied-consent offense charged involved death or critical injury to another person, if this allegation is in the affidavit;

(4) The person was notified of his or her rights as required by subsection (a); and

(5) The person willfully refused to submit to a chemical analysis upon the request of the charging officer.

Since the gist of the revocation proceeding is to determine whether a person willfully refused to submit to a chemical analysis, it is irrelevant in the civil proceeding whether the test was performed according to the applicable rules and regulations. In the case before us, there is competent evidence that petitioner refused to give sequential breath samples, and this evidence supports the trial judge's conclusion that petitioner's conduct constituted willful refusal under N.C. Gen. Stat. § 20-139.1(b3). Petitioner's assignment of error is overruled.

## IV.  Collateral Estoppel

**[4]** Petitioner contends the trial court erred in finding that DMV could revoke his driving privilege, since he was found not guilty in the district court criminal proceeding. Our courts have confronted this issue before and held that

> [u]nder implied consent statutes such as G.S. 20-16.2, the general rule is that neither an acquittal of a criminal charge of operating a motor vehicle while under the influence of intoxicating liquor, nor a plea of guilty, nor a conviction has any bearing upon a proceeding before the licensing agency for the revocation of a driver's license for a refusal to submit to a chemical test. "It is well established that the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. Each action proceeds independently of the other, and the outcome of one is of no consequence to the other."

*Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 238, 182 S.E.2d 553, 562 (citations omitted), *reh'g denied,* 279 N.C. 397, 183 S.E.2d 241 (1971).

Petitioner argues that his acquittal in criminal court collaterally estops DMV from relitigating at the administrative hearing the existence of reasonable grounds to believe he was driving while impaired. In support of his argument, petitioner relies on *Brower v. Killens,* 122 N.C. App. 685, 472 S.E.2d 33, *disc. review allowed,* 344 N.C. 435, 476 S.E.2d 112 (1996), *disc. review improvidently allowed,* 345 N.C. 625, 481 S.E.2d 86 (1997). In *Brower,* we held that DMV was collaterally estopped from relitigating in a license revocation hearing the determination of "no probable cause" by the district court in a related criminal proceeding. *Id.* at 690, 472 S.E.2d at 37. Petitioner argues that it logically follows from the finding of not guilty in district criminal court that Trooper Silver had no probable cause to believe he had committed an implied consent offense. We find petitioner's argument to be without merit.

We first note that "there is no legal distinction between probable cause to arrest in a criminal proceeding and 'reasonable grounds to believe' that the accused was driving while impaired in a license revo-

cation hearing." *Id.* However, "beyond a reasonable doubt" and "probable cause" are two different standards applied at different stages of a criminal prosecution. To arrest petitioner, Trooper Silver needed probable cause to believe that he committed an implied consent offense. To convict petitioner of the charge of driving while impaired, the State was required to prove its case beyond a reasonable doubt, and the verdict of not guilty indicates that the district court judge did not find that the State met its burden. Despite the criminal verdict, however, there is competent evidence to support the finding of the trial court in the case before us that Trooper Silver had probable cause to believe petitioner committed an implied consent offense. Consistent with the holding in *Joyner*, we hold that petitioner's acquittal of the criminal charge of operating a motor vehicle while under the influence of intoxicating liquor does not estop DMV from revoking his driving privilege based on his willful refusal to submit to sequential breath tests. This assignment of error is overruled.

We have carefully reviewed and considered petitioner's other arguments and assignments of error and find them to be without merit. Petitioner had a fair hearing, free from prejudicial error.

Affirmed.

Judges GREENE and LEWIS concur.