772 A.2d 309

**MOTOR VEHICLE ADMINISTRATION**

v.

**Marshall Clapp McDORMAN.**

**No. 94, Sept. Term, 2000.**

Court of Appeals of Maryland.

May 14, 2001.

Leight D. Collins, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief) Glen Burnie, for petitioner.

Bradford G.Y. Carney (Craig P. Ward of Royston, Mueller, McLean & Reid, LLP, on brief) Towson, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

RAKER, Judge.

In this appeal, McDorman challenges the validity of the suspension of his Maryland driver's license for refusal to submit to a chemical breath test pursuant to Maryland Code (1977, 1999 Repl.Vol., 2000 Supp.) Transportation Article, § 16–205.1(f)(8)(v)(2)(A).[1] At the heart of Respondent's challenge is his assertion that an officer's sworn statement of "reasonable grounds" to believe that a person has been driving

---

1. Unless otherwise indicated, all subsequent statutory references will be to Maryland Code (1977, 1999 Repl.Vol., 2000 Supp.) Transportation Article.

or attempting to drive while intoxicated must be based solely on the certifying officer's personal observations, prohibiting the use of information received from other police officers. We shall hold that the basis of a sworn statement to the Motor Vehicle Administration (MVA) by the arresting officer pursuant to § 16–205.1(b)(vii)(1) stating that "[t]he officer had reasonable grounds to believe that the person had been driving or attempting to drive a motor vehicle on a highway . . . . while intoxicated . . ." is not limited to the first hand knowledge or observations of the officer and that a law enforcement officer may rely on the statements and observations of other officers. Accordingly, we reverse the Circuit Court for Baltimore County.

## I.

Marshall McDorman, Respondent, was arrested in Towson, Maryland on November 28, 1999 at approximately 2:15 a.m. by Baltimore County police officer Francis Shipp and charged with the offense of operating a motor vehicle while intoxicated. Officer Shipp advised him of the sanctions for failure to take a chemical test and of the hearing rights under the implied consent statute. *See* § 16–205.1(b)(2)(iii). McDorman refused to take the test, and Officer Shipp issued an order of suspension. *See* § 16–205.1(b)(3)(ii).

Pursuant to § 16–205.1(b)(3)(vii), Officer Shipp forwarded to the MVA the form DR–15A, his certification and order of suspension, along with a statement of probable cause.[2] The preprinted portion of the DR–15A reads as follows:

---

**2.** At the show cause hearing before the MVA, Respondent objected to the admission of a Statement of Probable Cause prepared by Officer Shipp, on the grounds that it was not an MVA document and was not incorporated by reference into the certification. We do not reach the issue of the propriety of admitting Officer Shipp's Statement of Probable Cause because the Administrative Law Judge stated that she did not consider it in rendering her decision, but considered only Officer Shipp's certification and order of suspension.

### CERTIFICATION OF POLICE OFFICER

I, the undersigned officer, had reasonable grounds, which I have set forth below on this form, to believe that the person described and named above had been driving or attempting to drive a motor vehicle on a highway or on any private property that is used by the public in general in the State while intoxicated, while under the influence of alcohol, while so far under the influence of any drug, any combination of drugs, or a combination of one or more drugs and alcohol that the person could not drive a vehicle safely, while under the influence of a controlled dangerous substance, in violation of an alcohol restriction, or in violation of Section 16–813 of the Maryland Vehicle Law.

Officer Shipp set forth facts in support of "reasonable grounds" as follows:

On 17/28/99 Lt. McLewee observed a tan Chevy truck park alongside the curb facing the wrong direction on Penn. Ave. He saw the Defendant exit the driver's door of this vehicle. I arrived on scene and upon detecting the odor of an alcoholic beverage on the Defendant, I gave him a field sobriety test which he failed. He was arrested at 0240 hrs., read his advice of rights per the DR–15 and he refused to submit to a breath test.

Respondent requested a hearing before the MVA to show cause why his driver's license should not be suspended. *See* § 16–205.1(f). At the hearing before the Administrative Law Judge (ALJ), Respondent objected to the admissibility of Officer Shipp's certification and order of suspension on the grounds that Officer Shipp's required certification of reasonable grounds to believe Respondent was driving a motor vehicle while intoxicated was hearsay and was not based on his personal observations. Respondent argued that Officer Shipp never stated in his certification that he observed Respondent driving or attempting to drive the vehicle. Instead, Officer Shipp relied on a statement from another officer who observed Respondent exit the vehicle. This is insufficient as a matter of law, Respondent continued, to amount to reasonable

grounds to believe that Respondent was driving while intoxicated.

The ALJ found "by a preponderance of the evidence that the police officer who stopped and detained Mr. McDorman had reasonable grounds to believe that he was driving or attempting to drive a motor vehicle while intoxicated or under the influence of alcohol, drugs, a controlled dangerous substance, or a combination." She concluded that Officer McLewee actually observed the operation of the vehicle and saw McDorman exit the driver's door of the vehicle and that Officer Shipp's observations of intoxication, along with McDorman's poor performance on the field sobriety tests, were sufficient to support a reasonable grounds statement. McDorman's driving privilege was suspended for 120 days. *See* § 16–205.1(f)(8)(v)(2)(A).

Respondent sought judicial review in the Circuit Court for Baltimore County. He argued that the officer's certification and order of suspension failed to establish that he had been driving or attempting to drive a motor vehicle on the morning in question because Officer Shipp did not certify that *he* had seen him driving. The Circuit Court agreed and reversed McDorman's test refusal suspension, concluding that reasonable grounds did not exist to believe that Respondent was driving or attempting to drive while intoxicated. The Circuit Court's ruling was based on three grounds: first, that the ALJ erroneously believed that Officer Shipp had seen Respondent drive; second, that Lt. McLewee's observations of Respondent parking and exiting the vehicle were inadmissable hearsay; and third, that, based on COMAR 11.11.01.10(F), Lt. McLewee's observations were inadmissible because witnesses and parties acting as witnesses in administrative proceedings shall be sworn or put upon affirmation to tell the truth.

We granted the MVA's petition for certiorari to consider whether the sufficiency of an officer's sworn certification of reasonable grounds under § 16–205.1(f)(7)(i)(1) must be based solely on personal observations, prohibiting the use of information received from other police officers. *See* Maryland

Code (1984, 1998 Repl.Vol., 2000 Supp.) § 12–305 of the Courts and Judicial Proceedings Article.

## II.

■ The privilege to operate a motor vehicle in Maryland is not absolute and is subject to appropriate conditions as the Legislature may see fit to impose. Implied consent to take a chemical test to determine the presence of drug or alcohol concentration in a person's blood is a condition prescribed by the Legislature. Section 16–205.1(a)(2) provides, in pertinent part, as follows:

> Any person who drives or attempts to drive a motor vehicle on a highway or on any private property that is used by the public in general in this State is deemed to have consented, subject to the provisions of §§ 10–302 through 10–309, inclusive, of the Courts and Judicial Proceedings Article, to take a test if the person should be detained on suspicion of driving or attempting to drive while intoxicated, while under the influence of alcohol. . . .

Except as provided in subsection (c) of § 16–205.1, a person may not be compelled to take a chemical test.[3] *See* § 16–205.1(b). If a person refuses to take a test, however, the MVA shall suspend the driver's license for a period of time. *See* § 16–205.1(b)(3).

■ Before the MVA may suspend a driver's license for refusal to take a test under § 16–205.1, based on alcohol use, the ALJ must first find: (1) that the law enforcement officer had reasonable grounds to believe that the licensee had been driving or was attempting to drive, or was in actual physical control of, a vehicle upon the public highways while intoxicated

---

3. Section 16–205.1(c) states, in pertinent part:

   If a person is involved in a motor vehicle accident that results in the death of, or a life threatening injury to, another person and the person is detained by a police officer who has reasonable grounds to believe that the person has been driving or attempting to drive while intoxicated . . . the person shall be required to submit to a test, as directed by the officer.

or while under the influence of alcohol; (2) that there was evidence of the use of alcohol by the licensee; (3) that the police officer requested a test after the licensee was advised fully of the administrative sanctions that shall be imposed for failure to take the test; and (4) that the licensee refused the test. *See* § 16–205.1(f)(7)(i).

The sole issue on this appeal is whether Officer Shipp had reasonable grounds to believe that McDorman had been driving a vehicle upon the public highways.[4] It is undisputed that McDorman had been advised of the administrative sanctions for failure to take a chemical test, that he was under the influence of alcohol, and that he refused to submit to a chemical test to determine the alcohol content of his blood. Respondent's only argument before this Court is that the arresting officer failed to establish reasonable grounds under § 16–205.1 because he did not provide facts sufficient to demonstrate that Respondent was driving or attempting to drive. In support of this argument, he maintains that the police officer who authors the certification must have personal knowledge of the facts necessary to establish the elements of driving or attempting to drive, and intoxication, based on the officer's observations.

---

**4.** We do not address the question of whether "reasonable grounds" as used in the statute means the same as probable cause, or as the MVA suggests, for the first time before us, a somewhat lesser standard. Respondent asserts in his brief that "reasonable grounds" to believe is the practical equivalent of probable cause. Before the Circuit Court, the MVA argued that "reasonable grounds" to believe and probable cause were synonymous. Before this Court, however, the MVA argues that "reasonable grounds" to believe requires less information than would be required to establish probable cause for a warrantless arrest for driving while intoxicated, based in part, on § 16–205.1(a)(2). That section states that any person that drives on a highway is deemed to have consented to take a test should they be *detained on suspicion of* driving or attempting to drive while intoxicated. The MVA argues that the term "suspicion" indicates a lesser standard than probable cause.

This issue was never presented to the administrative agency, and, thus, we shall not consider it in this case. *See Montgomery County v. Stevens,* 337 Md. 471, 484, 654 A.2d 877, 884 (1995) (holding that judicial review of an administrative agency's decision is confined to the administrative record).

It is well settled in Maryland that this Court's review of an administrative agency's factual determinations is limited. *See Motor Vehicle Admin. v. Karwacki,* 340 Md. 271, 280, 666 A.2d 511, 515 (1995). In *Board of Physician Quality Assurance v. Banks,* 354 Md. 59, 729 A.2d 376 (1999), Judge Eldridge, writing for the Court, discussed the appropriate standard of review of an agency decision:

A court's role in reviewing an administrative agency adjudicatory decision is narrow; it "is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law."

In applying the substantial evidence test, a reviewing court decides "whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." A reviewing court should defer to the agency's fact-finding and drawing of inferences if they are supported by the record. A reviewing court " 'must review the agency's decision in the light most favorable to it; ... the agency's decision is prima facie correct and presumed valid, and ... it is the agency's province to resolve conflicting evidence' and to draw inferences from that evidence."

*Id.* 354 Md. at 67, 729 A.2d at 380 (citations omitted). Questions of credibility are for the ALJ to resolve, not this Court. *See Anderson v. Dept. of Public Safety and Correctional Servs.,* 330 Md. 187, 217, 623 A.2d 198, 213 (1993).

The ALJ explained her findings on the record. She stated, *inter alia:*

So I think my reading of this is that Officer McLewee observed the truck parked along the side of the curb facing the wrong direction so it wasn't that he observed the truck parked. He said he actually observed the operation of the motor vehicle and saw the Defendant, Mr. McDorman, exit the driver's door of the vehicle. So Officer Shipp who is the one who drafted this certification is reporting what another officer observed. He then, evidently, when he arrived at

the scene, he then is the second officer at the scene, detected the odor of alcohol, and gave the field sobriety test which he failed. . . . It's just a Reasonable Grounds statement.

The ALJ's determination that Respondent's license should be suspended was supported by substantial evidence on the record presented.

■    The issue before us focuses on one question: In order to support an ALJ's finding of reasonable grounds under the implied consent statute, must the finding be based solely on the personal observations of the certifying officer? We answer that question in the negative and hold that the ALJ properly concluded that Officer Shipp had reasonable grounds to believe that Respondent was driving or attempting to drive while intoxicated.

■    It is hornbook law that hearsay evidence, if reliable, is admissible at administrative proceedings. *See* Maryland Code (1957, 1999 Repl.Vol., 2000 Supp.) § 10–213(c) of the State Government Article (directing that evidence may not be excluded from administrative hearings solely on the basis that it is hearsay); *see also Karwacki,* 340 Md. at 285, 666 A.2d at 518; *Maryland Dep't of Human Resources v. Bo Peep Day Nursery,* 317 Md. 573, 589, 565 A.2d 1015, 1023 (1989); *Redding v. Board of County Comm'rs for Prince George's County,* 263 Md. 94, 110, 282 A.2d 136, 145 (1971); *Tauber v. County Bd. of Appeals for Montgomery County,* 257 Md. 202, 213, 262 A.2d 513, 518 (1970); *Eger v. Stone,* 253 Md. 533, 542, 253 A.2d 372, 377 (1969). Moreover, "not only is hearsay evidence admissible in administrative hearings in contested cases but . . . such evidence, if credible and of sufficient probative force, may indeed be the sole basis for the decision of the administrative body." *Eger,* 253 Md. at 542, 253 A.2d at 377.

■    Thus, Officer Shipp's statement, even if hearsay, was admissible and sufficient, if believed by the ALJ, to support the decision. A police officer is entitled to assume the reliability of information conveyed by a fellow officer. *See Stevenson v. State,* 287 Md. 504, 522–23, 413 A.2d 1340, 1350 (1980)

(noting that District of Columbia police officer could rely on fellow officer's conclusion that two men had just robbed a bank in making a citizen's arrest in Maryland); *see also Colorado Dep't of Revenue v. Kirke*, 743 P.2d 16, 19 (Colo. 1987) (stating that information relayed to one police officer based on the observations of another police officer may be presumed to be credible and reliable).

In addition, it is important to keep in mind the purpose for which the evidence was offered. It was not offered for the truth of the matter asserted, but only to show that the officer had reasonable grounds to believe that Respondent was driving under the influence of alcohol. It was, therefore, not hearsay and properly admitted. *See* Md. Rule 5–801; *see also Waldspurger v. Pennsylvania*, 103 Pa.Cmwlth. 148, 520 A.2d 83, 85 (1987) (information conveyed to officer and relied upon in forming reasonable grounds under implied consent statute was admissible because not offered for truth of matter, but to show officer's basis for belief).

Other courts that have considered this issue under implied consent statutes with language similar to the Maryland statute have reached the same conclusion we reach today. *See, e.g., Kirke*, 743 P.2d 16, 19 (Colo.1987) (facts observed by arresting officer, combined with information conveyed by fellow officers was sufficient to form reasonable grounds to believe under implied consent statute); *Eskew v. Director of Revenue*, 17 S.W.3d 159, 162 (Mo.Ct.App.2000) (police officer may rely on statements from other officers that defendant was driving to establish reasonable grounds to believe under implied consent statute); *Nevada v. Kiffe*, 101 Nev. 729, 709 P.2d 1017, 1020 (1985) (statement from one officer to another that defendant had been driving was of the type commonly relied upon by reasonable persons and constituted evidence supporting "reasonable grounds to believe" under implied consent statute); *Diehsner v. Schenectady City Sch. Dist.*, 152 A.D.2d 796, 797, 543 N.Y.S.2d 576 (1989) (noting that purely hearsay evidence may meet substantial evidence test to support revocation of license if relevant and probative); *Melton v. Hodges*, 114 N.C.App. 795, 443 S.E.2d 83, 85 (1994) (stating that, in deter-

mining whether reasonable grounds exist under implied consent statute, the reasonable grounds may be based upon information given to an officer by another).

The ALJ did not err in finding that Officer Shipp reasonably believed that Respondent was driving or attempting to drive a motor vehicle on a highway while intoxicated or under the influence of alcohol.

*JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR THE ENTRY OF JUDGMENT AFFIRMING THE ORDER OF THE MOTOR VEHICLE ADMINISTRATION. COSTS TO BE PAID BY RESPONDENT.*