JOHNSON v. ROBERTSON

[227 N.C. App. 281 (2013)]

---

COREY BRETT JOHNSON, Petitioner
v.
MIKE ROBERTSON, COMMISSIONER OF N.C. DIVISION OF MOTOR VEHICLES
AND N.C. DIVISION OF MOTOR VEHICLES, Respondent

No. COA12-959

Filed 21 May 2013

1. **Appeal and Error—issue abandoned—failure to argue issue in appellate brief**

    The issue of collateral estoppel was deemed abandoned pursuant to N.C. R. App. P. 28(b)(6) where petitioner failed to discuss the issue in his brief.

2. **Motor Vehicles—driver's license revocation—admission of evidence—Rules of Evidence not applicable**

    The Division of Motor Vehicles (DMV) did not err in a driver's license revocation hearing by allowing into evidence reports from two police officers and an affidavit from one officer. The North Carolina Rules of Evidence do not apply to proceedings before the DMV pursuant to N.C. Gen. Stat. § 20-16.2. Furthermore, even if the Rules of Evidence did apply, the exhibits were properly admitted as substantive evidence.

3. **Motor Vehicles—driver's license revocation—standard of review correct—determination correct**

    The superior court applied the correct standard of review to a driver's license revocation hearing and the superior court correctly determined that there was sufficient evidence in the record to support the Division of Motor Vehicle's findings of fact and that its conclusions of law were supported by the findings of fact.

Appeal by petitioner from order entered 20 December 2011 by Judge Shannon R. Joseph in Wake County Superior Court. Heard in the Court of Appeals 27 February 2013.

*Currin & Currin by George B. Currin for petitioner-appellant*

*Attorney General Roy Cooper, by Assistant Attorneys General Christopher W. Brooks and Carrie D. Randa, for the State, respondent-appellee.*

STEELMAN, Judge.

The Rules of Evidence do not apply to Division of Motor Vehicle license revocation hearings pursuant to N.C. Gen. Stat. § 20-16.2, and the hearing officer properly admitted the police reports of the arresting officer. Where the trial court exercised and applied the appropriate standard of review pursuant to N.C. Gen. Stat. § 20-16.2(e), the revocation of petitioner's license is affirmed.

## I. Factual and Procedural History

During a traffic stop of a motor vehicle on 3 December 2009, Officer R.T. Pereira of the Raleigh Police Department (Officer Pereira) noticed a strong odor of alcohol coming from Corey Brett Johnson (petitioner). He observed that petitioner had red, glassy eyes and was very unsteady on his feet. Petitioner admitted that he had consumed eight or nine beers. Sergeant W. Vaughn (Sergeant Vaughn), the officer who had made the traffic stop, informed Officer Pereira that petitioner was the driver of the vehicle. Officer Pereira placed petitioner under arrest for driving while impaired and transported him to the Wake County Jail. Petitioner refused to submit to a chemical analysis of his breath. Pursuant to N.C. Gen. Stat. § 20-16.2(d), the Division of Motor Vehicles (DMV) notified petitioner that his license would be revoked for one year for refusal to submit to a chemical analysis of his breath. Petitioner was charged with driving while impaired.

Petitioner requested an administrative hearing before the DMV contesting the revocation of his license for refusal to submit to a chemical analysis. Officer Pereira and the chemical analyst testified at the hearing and were subject to cross-examination by petitioner. On 26 May 2010, the hearing officer upheld the revocation of petitioner's driver's license. On 11 June 2010, petitioner filed a petition for review of the hearing officer's decision in Wake County Superior Court.

**JOHNSON v. ROBERTSON**

[227 N.C. App. 281 (2013)]

In the criminal proceeding, petitioner filed a motion to suppress all evidence resulting from Sergeant Vaughn's stop of his vehicle and to dismiss the charge of driving while impaired. On 22 September 2010, the Wake County District Court granted petitioner's motion to suppress all evidence resulting from Sergeant Vaughn's stop and dismissed the charge of driving while impaired.

On 20 December 2011, the trial court affirmed the hearing officer's revocation of petitioner's driver's license. On 18 January 2012, the trial court entered an order staying the 20 December 2011 order pending appeal.

Petitioner appeals.

## II. Collateral Estoppel

[1] "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6).

On appeal, petitioner does not discuss the issue of collateral estoppel in his brief even though it was the principal issue before the trial court and was the primary focus of the trial court's order. This issue is deemed abandoned, and we do not address it.

## III. Applicability of Rules of Evidence

[2] In his first argument, petitioner contends that the hearing officer committed an error of law in allowing the reports of Officer Pereira and Sergeant Vaughn, and the affidavit of Officer Pereira to be admitted as substantive evidence. We disagree.

### A. Standard of Review

"Questions of statutory interpretation of a provision of the Motor Vehicle Laws of North Carolina are questions of law and are reviewed *de novo* by this Court." *Hoots v. Robertson*, __ N.C. App. __, __, 715 S.E.2d 199, 200 (2011).

### B. Analysis

In support of his contention that the North Carolina Rules of Evidence apply to proceedings before the DMV pursuant to § 20-16.2, petitioner cites the 1971 North Carolina Supreme Court case of *Joyner v. Garrett*, 279 N.C. 226, 182 S.E.2d 553 (1971), as authority. Petitioner's reliance on *Joyner* is misplaced. The issue in *Joyner* was whether or not the sworn report could be *prima facie* evidence that the arrested person

willfully refused to submit to the Breathalyzer test when the petitioner did not have the opportunity to cross-examine the arresting officer at the administrative hearing. *Id.* at 234, 182 S.E.2d at 559.

Of more significance is the fact that the North Carolina Rules of Evidence had not been enacted at the time *Joyner* was decided and did not become effective until 1 July 1984, thirteen years after the decision. 1983 N.C. Sess. Laws, ch. 701, § 3. Under Rule 1101, the Rules of Evidence apply "to all actions and proceedings in the courts of this State" and if otherwise provided by statute. N.C. Gen. Stat. § 8C-1, Rule 1101 (2011). Rule 1101 further provides that the Rules of Evidence do not apply in certain proceedings, including preliminary questions of fact, grand jury proceedings, sentencing hearings, probation revocation hearings, and probable cause hearings. *Id.* Petitioner has cited no other statute that otherwise provides for the application of the Rules of Evidence to hearings pursuant to N.C. Gen. Stat. § 20-16.2. *See* N.C. Gen. Stat. § 8C-1, Rule 1101 (2011) ("Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State."). After reviewing applicable statutes, we are not persuaded that the Rules of Evidence apply to these types of hearings. *See generally* N.C. Gen. Stat. § 8C-1, Rule 1101 (2011); N.C. Gen. Stat. § 20-16.2 (2011); N.C. Gen. Stat. § 150B-1(e)(8) (2011) (exempting the Department of Transportation from the contested case provisions of the Administrative Procedure Act); 19A N.C.A.C. 3A.0100 to 3J.0907 (2012) (outlining regulations concerning the DMV). N.C. Gen. Stat. § 16.2(d) only requires that the hearing officer subpoena witnesses or documents "that the hearing officer deems necessary." N.C. Gen. Stat. § 20-16.2(d) (2011). We hold the Rules of Evidence do not apply to DMV hearings held pursuant to § 20-16.2. Petitioner's argument is without merit.

Even assuming *arguendo* that the Rules of Evidence did apply, the hearing officer did not commit an error in admitting the police report and the affidavit and revocation report of Officer Pereira as substantive evidence. Petitioner contends these documents were "incompetent hearsay statements." Rule 803(6) of the North Carolina Rules of Evidence provides an exception to the hearsay rule, allowing "records of regularly conducted activity" to be admissible. N.C. Gen Stat. § 8C-1, Rule 803(6) (2011). *See also Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 39-40, 365 S.E.2d 198, 201 (1988) (holding a trooper's accident reports were admissible in a civil case as either business or public records); *Keith v. Polier*, 109 N.C. App. 94, 97, 425 S.E.2d 723, 725 (1993) (holding a police accident report admissible under either Rule 803(6) or Rule 803(8) as an exception to the hearsay rule).

> To be admissible such reports must be authenticated by their writer, prepared at or near the time of the act(s) reported, by or from information transmitted by a person with knowledge of the act(s), kept in the course of a regularly conducted business activity, with such being a regular practice of that business activity unless the circumstances surrounding the report indicate a lack of trustworthiness.

*Wentz*, 89 N.C. App. at 39, 365 S.E.2d at 201.

In the instant case, petitioner contends that there is "nothing in the Record which indicates there was a proper foundation laid for the admission of these hearsay statements . . . ." The record before us is incomplete since it only contains the exhibits admitted at the hearing and the testimony of the chemical analyst. The transcript of Officer Pereira's testimony, which would have presumably laid the foundation for the admission of his reports, was inadvertently deleted and is not in the record. Petitioner noted in his closing statement to the hearing officer that he "previously objected to the introduction of the notes of the officers for several reasons[,] [i]ncluding that there was . . . not a proper foundation for the introduction of the officer's notes." However, before the trial court petitioner did not allege any specific errors that occurred in Officer Pereira's testimony, instead stating only that the reports could not have been past recollection recorded because no foundation had been laid. His contentions that the exhibits could not be admitted under any Rule 803 exception because the hearing officer did not make a finding that they possessed sufficient guarantees of trustworthiness, or that the documents were authenticated in any way were raised for the first time on appeal in his reply brief. A party "may not swap horses after trial in order to obtain a thoroughbred upon appeal." *State v. Hester*, 343 N.C. 266, 271, 470 S.E.2d 25, 28 (1996) (quotation omitted). Accordingly, we follow a presumption in favor of the regularity and correctness of the hearing in front of the DMV, with the burden resting upon the appellant to show error. *C.f. L. Harvey & Son Co. v. Jarman*, 76 N.C. App. 191, 195-96, 333 S.E.2d 47, 50 (1985) ("The longstanding rule is that there is a presumption in favor of regularity and correctness in proceedings in the trial court, with the burden on the appellant to show error."). In the absence of a complete record and petitioner's failure to assert specific errors that were committed during the DMV hearing before the trial court, we presume a proper foundation was laid with respect to Officer Pereira's police report and revocation report. We do not address petitioner's arguments with respect to Sergeant Vaughn's police report because Officer Pereira's police report and revocation report provide

sufficient factual basis for the challenged conclusion of law. The exhibits were properly admitted into evidence.

This argument is without merit.

### IV. Sufficiency of the Evidence

[3] In his second and third arguments, petitioner contends that the hearing officer's findings of fact were not supported by competent evidence, and the findings of fact do not support the conclusion of law that Officer Pereira had reasonable grounds to believe petitioner had committed an impaired driving offense. We disagree.

### A. Standard of Review

Several cases from this Court have cited to *Gibson v. Faulkner*, 132 N.C. App. 728, 732-33, 515 S.E.2d 452, 455 (1999), for support of the following standard of review: on appeal to this Court, the trial court's findings of fact are conclusive if supported by competent evidence, even though there may be evidence to the contrary, and we review whether the trial court's findings of fact support its conclusions of law *de novo*. *See, e.g., Hartman v. Robertson*, 208 N.C. App. 692, 694, 703 S.E.2d 811, 813 (2010); *Steinkrause v. Tatum*, 201 N.C. App. 289, 291-92, 689 S.E.2d 379, 381 (2009), *aff'd per curiam* 364 N.C. 419, 700 S.E.2d 222 (2010) (per curiam). This standard of review was appropriate "where the trial judge sits as the trier of fact." *Gibson*, 132 N.C. App. at 732, 515 S.E.2d at 455.

However, effective 1 December 2006, the legislature amended N.C. Gen. Stat. § 20-16.2(e) deleting the provision allowing for *de novo* review in the superior court. 2006 N.C. Sess. Laws, ch. 253, § 15. Section 16.2(e) now provides that:

> The superior court review shall be limited to whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner committed an error of law in revoking the license.

N.C. Gen. Stat. § 20-16.2(e) (2011). Thus, on appeal from a DMV hearing, the superior court sits as an appellate court, and no longer sits as the trier of fact. Accordingly, our review of the decision of the superior court is to be conducted as in other cases where the superior court sits as an appellate court. Under this standard we conduct the following inquiry: "(1) determining whether the trial court exercised the appropriate scope

of review and, if appropriate, (2) deciding whether the court did so properly." *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997). We previously rejected a standard of review that was the same standard as that the superior court employed, stating "the statutory provisions for judicial review of agency action at the trial court level would appear to lack purpose if that court's determination is to be given no consideration at the appellate level." *Amanini v. N.C. Dep't of Human Res.*, 114 N.C. App. 668, 676, 443 S.E.2d 114, 119 (1994). We hold that these cases provide the appropriate standard of review for this Court under the amended provisions of N.C. Gen. Stat. § 20-16.2.

### B. Analysis

In the instant case, the record indicates that the superior court employed the correct standard of review since the order affirming the decision of the hearing officer cites N.C. Gen. Stat. § 20-16.2(e) and states the proper standard: "[t]his Court does not conduct a *de novo* review of the facts and instead reviews the record to determine whether there is sufficient evidence in the record to support the Commissioner's findings of fact. . . ." We must now determine whether the trial court properly conducted this review.

After reviewing the record, we conclude that the trial court correctly determined that there was sufficient evidence in the record to support the Commissioner's findings of fact and that its conclusions of law are supported by the findings of fact. We affirm the revocation of petitioner's driver's license.

This argument is without merit.

AFFIRMED.

Judges GEER and HUNTER, JR., Robert N. concur.