An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-519

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

IN THE MATTER OF:

DRIVING PRIVILEGE OF                Lincoln County
JASON GREGORY COTTRELL              No. 13 CVS 25


Appeal by petitioner from order entered 24 February 2014 by Judge Timothy Kincaid in Lincoln County Superior Court. Heard in the Court of Appeals 25 August 2014.

*David M. Black, for petitioner-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for respondent-appellee.*


CALABRIA, Judge.


Jason Gregory Cottrell ("Cottrell") appeals from an order affirming the decision of the North Carolina Department of Motor Vehicles ("DMV") to revoke his driver's license. We affirm.

On 30 December 2011, an off-duty law enforcement officer called 911 and reported a car driving erratically on N.C. Highway 73. The off-duty officer followed the car until it

drove into the driveway of a house. Subsequently, Deputy Milton of the Lincoln County Sheriff's Department ("Deputy Milton") arrived at the house, where he encountered Cottrell. Deputy Milton noticed Cottrell's slurred speech and detected a strong odor of alcohol coming from Cottrell. Trooper Christopher Casey ("Trooper Casey") of the North Carolina State Highway Patrol also responded. Trooper Casey observed that Cottrell had bloodshot eyes and slurred speech. In addition, Cottrell was swaying and rocking back and forth. Cottrell responded to Trooper Casey's questions and corroborated the information the off-duty officer reported. Cottrell stated that he drove home from a location that coincided with the route along which the reporting off-duty officer had observed the erratic driving, and that he had not consumed any alcohol since arriving home. Cottrell refused to perform any standardized field sobriety tests or to provide a sample of his breath. Trooper Casey then arrested Cottrell for Driving While Intoxicated ("DWI"), read him his rights pertaining to the Intoxilyzer test, and gave him thirty-five minutes to call a witness. No witnesses responded, and Trooper Casey then asked Cottrell to breathe into the Intoxilyzer. Cottrell refused to do so.

The DMV subsequently notified Cottrell that due to his refusal to cooperate with a chemical analysis of his breath, an implied consent offense, his license would be suspended for one year pursuant to N.C. Gen. Stat. § 20-16.2 (2013). Cottrell requested and attended a DMV administrative hearing on 17 December 2012 to challenge the civil suspension. During that time Cottrell's driver's license suspension was placed on hold. Cottrell did not testify or present any evidence at the hearing.

The hearing officer issued a decision on 21 December 2012, sustaining the revocation of Cottrell's driving privilege. The hearing officer made numerous findings of fact, including that Trooper Casey had reasonable grounds to believe that an implied consent offense had been committed, and concluded that "all elements of proof necessary to rescind a revocation for refusing to submit to a chemical analyst [sic] of his breath under GS 20-16.2 are supported by substantial evidence."

On 8 January 2013, Cottrell filed a petition for judicial review of the administrative decision and sought a temporary restraining order against the DMV in Lincoln County Superior Court. The superior court granted the restraining order, and held a hearing in which it reviewed the record and transcript from the administrative hearing and heard arguments from both

parties. The superior court affirmed the administrative decision, sustained the suspension of Cottrell's driver's license, and dissolved the temporary restraining order against the DMV. Cottrell filed timely notice of appeal from the superior court's order and obtained a stay from the superior court pending the resolution of this appeal.

Cottrell argues that the superior court erred in affirming the DMV's decision because the DMV's findings of fact and conclusions of law were not supported by competent evidence.

As an initial matter, we address the issue of the proper standard of review applied in this appeal. Cottrell contends that this Court reviews the superior court's order to determine whether the court's findings of fact are supported by any competent evidence, but reviewing *de novo* whether the court's conclusions of law are supported by its findings of fact. *Steinkrause v. Tatum*, 201 N.C. App. 289, 291-92, 689 S.E.2d 379, 381 (2009), *aff'd per curiam,* 364 N.C. 419, 700 S.E.2d 222 (2010). However, *Steinkrause* appealed from an order entered affirming the revocation of her driver's license as a result of her September 2006 DWI. *Id*. at 290, 689 S.E.2d at 380.

Effective 1 December 2006, the General Assembly amended N.C. Gen. Stat. § 20-16.2(e) to change the superior court's

standard of review of DMV decisions in license revocation proceedings. *See* 2006 N.C. Sess. Laws 253; N.C. Gen. Stat. § 20-16.2(e) (2013). The current version of the statute provides that "[t]he superior court review shall be limited to whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner committed an error of law in revoking the license." N.C. Gen. Stat. § 20-16.2(e) (2013). This Court has held that on appeal from a DMV hearing, the superior court sits as an appellate court, and no longer sits as the trier of fact. *Johnson v. Robertson*, ___ N.C. App. ___ , ___, 742 S.E.2d 603, 607 (2013). On appeal from a DMV hearing, this Court reviews the decision of the superior court under the following inquiry: "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id*. (citation and internal quotations omitted). Therefore, this Court will consider whether the superior court exercised the appropriate scope of review, and, if appropriate, whether the court did so properly. *Id*.

In the instant case, the record indicates that the superior court reviewed the record and the transcript of the DMV's administrative hearing and heard arguments from both parties. In its order affirming the administrative decision, the court specifically found:

> applying the review afforded by N.C.G.S. § 20-16.2(e), there is sufficient evidence in the record to support the Findings of Fact of the Division's decision; that the Conclusions of Law of the Division's decision are supported by the Findings of Fact; and that the Division did not commit an error of law in revoking the Petitioner's license to drive a motor vehicle.

The superior court's order affirming the DMV's decision cites N.C. Gen. Stat. § 20-16.2(e) and states the proper standard, indicating that it did not conduct a *de novo* review of the facts. Instead, the court reviewed the record to determine whether there was sufficient evidence to support the DMV's findings of fact.

After reviewing the record, we conclude that the superior court correctly determined that there was sufficient evidence in the record to support the DMV's findings of fact, and the conclusions of law are supported by the findings. Therefore, the superior court exercised the appropriate scope of review and properly applied it to review the DMV's administrative decision.

Accordingly, we affirm the superior court's order revoking petitioner's driver's license.

Affirmed.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).