LUCAS ALEXANDER OSBORNE, Petitioner-Appellant,
v.
GEORGE TATUM, Commissioner, NORTH CAROLINA DIVISION OF MOTOR VEHICLES, Respondent-Appellee.
No. COA05-628
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Johnston County No. 04 CVS 1652.
Narron, O'Hale and Whittington, P.A., by John P. O'Hale, for petitioner-appellant.
Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for respondent-appellee.
STEELMAN, Judge.
Petitioner was charged by Trooper Dorsey with driving while impaired on 22 February 2004. Petitioner was taken to the Johnston County Intoxilyzer room, where he was advised of his Intoxilyzer rights at 2:20 a.m. by Trooper Emory. Trooper Emory first offered the test to petitioner at 2:44 a.m. and instructed him on the proper method of taking the test. Petitioner placed his mouth on the mouthpiece, but did not blow into the mouthpiece with sufficient force to provide a breath sample. The Intoxilyzer timed out, which necessitated that Trooper Emory reset the machine to again attempt to obtain a breath sample from petitioner. The second attempt began at 2:53 a.m. Petitioner again failed to blow into the mouthpiece with sufficient force to obtain a reading. Trooper Emory observed no physical or health limitations justifying petitioner's failure to provide an adequate sample, and petitioner did not indicate that he suffered from any such conditions. Trooper Emory determined that petitioner was not making a serious attempt to provide a breath sample, and concluded that he was willfully refusing to take the test. As a result of petitioner's willful refusal to take the Intoxilyzer test, petitioner's driver's license was revoked for a period of one year pursuant to N.C. Gen. Stat. § 20-16.2(a)(2). Petitioner requested and was granted a hearing on this matter before a Division of Motor Vehicles hearing officer. The hearing officer sustained the suspension. Petitioner petitioned for a de novo hearing in superior court pursuant to N.C. Gen. Stat. § 20-25. Following a de novo hearing, Judge Jenkins affirmed the revocation of petitioner's license. From this 1 November 2004 judgment petitioner appeals.
In petitioner's sole argument on appeal, he contends that the trial court erred in concluding that he willfully refused the Intoxilyzer test. We disagree.
A defendant's license may be revoked if he has willfully refused to submit to an Intoxilyzer test after being charged with an implied consent offense. N.C. Gen. Stat. § 20-16.2. "Obviously, one may refuse the test by inaction as well as by words." Mathis v. North Carolina Div. of Motor Vehicles, 71 N.C. App. 413, 415, 322 S.E.2d 436, 438 (1984). The determination that a person willfully refused to submit to a chemical analysis under N.C. Gen. Stat. § 20-16.2 is a finding of ultimate fact. Tolbert v. Hiatt, 95 N.C. App. 380, 385, 382 S.E.2d 453, 456 (1989). "Where the trial judge sits as the trier of fact, 'the court's findings of fact are conclusive on appeal if supported by competent evidence, even though there may be evidence to the contrary.'" Gibson v. Faulkner, 132 N.C. App. 728, 732-33, 515 S.E.2d 452, 455 (1999).
The trial court made the following relevant findings of fact:
9. Trooper Emory offered the test to the Petitioner at approximately 2:44 a.m. The Petitioner took the mouthpiece into his mouth and purported to blow.
10. Trooper Emory observed that the Petitioner was blowing lightly into the tube. Trooper Emory could barely hear any air being blown into the instrument.
11. Trooper Emory observed that the Petitioner did not achieve a tone on the instrument. Trooper Emory re-instructed the Petitioner how to provide a valid sample and instructed the Petitioner to blow harder.
12. The Petitioner was offered the test again. Trooper Emory observed that the Petitioner did achieve a tone on the instrument, but that the Petitioner did not maintain the tone.
13. At approximately 2:48 a.m., the Intoxilyzer timed out and recorded a "no test".
14. Trooper Emory then inserted a new rights form and set the instrument up again.
15. Trooper Emory again instructed the Petitioner how to provide a valid sample of breath on the Intoxilyzer.
16. Trooper Emory offered the test to the Petitioner again at approximately 2:53 a.m. The Petitioner again took the mouthpiece into his mouth and purported to blow.
17. Trooper Emory observed that contrary to his previous instructions, the Petitioner blew lightly into the tube and did not maintain a tone.
Petitioner argues that there was no evidence to support the portion of the trial court's eleventh finding of fact stating that petitioner did not achieve a tone on the Intoxilyzer at that time. In order to provide an adequate breath sample on the Intoxilyzer, petitioner needed to blow with sufficient force to activate a tone in the machine, and sustain that tone for five to seven seconds. We have reviewed the record and hold that the evidence does support this finding of fact. Further, whether petitioner achieved a tone on the machine is irrelevant, what is relevant is that petitioner failed to provide a valid breath sample. Because petitioner does not contest the other findings of fact, they are binding on appeal.
The findings of fact listed above establish that petitioner failed to follow Trooper Emory's instructions, and that as a result of petitioner's refusal to follow these instructions petitioner failed to provide an adequate breath sample. Petitioner's refusal to follow Trooper Emory's instructions constitutes a willful refusal under N.C. Gen. Stat. § 20-16.2. Te 119 N.C. App. at 175 dder, 457 S.E.2d at 885; Tolbert, 95 N.C. App. at 384, 382 S.E.2d at 455-56. The trial court's findings of fact support its conclusion of law that petitioner willfully refused to submit to the Intoxilyzer test. This argument is without merit.
AFFIRMED.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).